PER CURIAM.
These appeals are all from the same order. Both the contractor, Frank J. Rooney, Inc. and the architect, Lathrop Douglass, have filed an interlocutory and a full appeal from the order of the trial judge which granted appellee’s motion to compel arbitration.
The appellant Frank J. Rooney, Inc. was a plaintiff in the trial court. Rooney brought a suit to enjoin arbitration proceedings. The architect Lathrop Douglass also filed a suit to enjoin the arbitration. Upon the consolidation of the actions, the appellee Food Fair Industries, Inc. brought a motion pursuant to F.S. § 682.03, F.S.A., The Florida Arbitration Code, to compel arbitration. The trial court had before it the relevant contractual documents as ex *31 hibits to appellants’ complaints to enjoin arbitration. The trial judge determined that the dispute was properly one which the parties were required to arbitrate under the contractual documents. We affirm.
Appellants’ objections come under two points. The first point urges that the contractor Rooney cannot be required to arbitrate because the owner’s claim is exclusively against the architect. In essence, this point urges that appellant Rooney has no liability. This goes to the merits of the arbitration and under the language of The Florida Arbitration Code it is not a matter to be determined in the circuit court.
“F.S. § 682.03, F.S.A. Proceedings to compel and to stay arbitration
‡ ‡ ‡ ‡ ‡ Hi
(5) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.”
Appellant’s second point urges that the court erred in ordering arbitration because the time limit for the invocation of the arbitration clause had passed. The history of this dispute as reflected by the record is one of continued negotiation, contractual agreements, remedial work, and finally a demand for arbitration. Appellant relies upon sections 2.2.6, 2.2.7 and 2.-2.10 of the original contract between the parties, which was an AIA form contract, as a time limitation upon arbitration. He cites no authority so construing these sections. A reading of the sections does not suggest error in the trial court’s failure to enforce these sections as a limitation upon the time for application for arbitration. The reading of the contract as a whole convinces us, as it did the trial judge, that the only time limitation as to the' right of arbitration is that the demand should be made within a reasonable time after the discovery of the dispute.
Having examined the record in the light of the briefs and oral argument and finding error has not been shown, the order appealed is affirmed.
Affirmed.