301 So.2d 502 (1974)
Chester L. DUNMORE, Appellant,
v.
INTERSTATE FIRE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. T-424.
District Court of Appeal of Florida, First District.
October 3, 1974.
Rehearing Denied November 4, 1974.
Robert O. Stripling, Jr., Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellant.
Richard T. Jones and R. Franklin Ritch, Jones & Ritch, Gainesville, for appellee.
SPECTOR, Acting Chief Judge.
Appellant seeks review of a lower court order denying attorney's fees in his successful suit to recover "no-fault" insurance benefits from appellee.
On October 23, 1972, appellant sustained serious injuries in an automobile accident as a result of which he was hospitalized until December 12, 1972. An application for "no fault" benefits was filed by appellant on January 16, 1973, including an executed authorization for medical information and wage and salary information. Payment of the benefits were not made within thirty days as required by Section 627.736(4)(d) and appellant filed suit. A default judgment was entered but later set aside. Appellee did not contest appellant's entitlement to the $5,000.00 benefits but merely disputed the allowance of attorney's fees.
Section 627.736(4)(b) provides that personal injury protection benefits shall be paid within thirty days of claim. Section 627.736(8) states that "With respect to any dispute under the provisions of §§ 627.730-627.741 between the insured and the insurer, the provisions of § 627.428 shall apply." Section 627.428 provides that upon the rendition of a judgment against an insurer in this state, the court shall award attorney's fees.
It appears to us that the statutory language is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted "no-fault" insurance statute a "no-pay" plan  a result we are sure was not intended by the legislature.
Likewise, the statute is clear that in "any dispute" arising under the "no-fault" *503 statute, §§ 627.730-627.741, Florida Statutes, which proceeds to judgment against an insurer, attorney's fees shall be awarded to the insured, § 627.428, Florida Statutes.
Accordingly, we reverse with instructions to the lower court to award appropriate attorney's fees, including fees for this appellate proceeding.
BOYER and McCORD, JJ., concur.