PER CURIAM.
An insured appeals a final order denying his claim for attorney’s fees in a suit to recover “no-fault” insurance benefits from his insurance company. We reverse because we find that the insurance company failed to pay the insured’s medical providers as required by Florida Statutes, Section 627.736(4)(b).
On September 29, 1990, the appellant Michael Crooks (hereinafter “Crooks”) was injured when he was struck by a motor vehicle while riding his bicycle on Miami Beach. At the time of the incident, Crooks had an automobile insurance policy with the appellee, State Farm Mutual Automobile Insurance Company (hereinafter “State Farm”) which included PIP and Med-Pay benefits. As a result of the injuries sustained during this accident, Crooks underwent much medical treatment, and incurred several medical bills.
On June 21, 1991, Crooks, through his attorney, wrote a letter to State Farm, listing the itemized bills for three medical providers [1] who had yet to be paid, and requesting State Farm to pay these bills within thirty days of receipt of the letter. There is no question that these bills qualified for “no-fault” insurance benefits under the State Farm policy. After more than three months had passed without payment, Crooks filed suit against State Farm, pursuant to Florida Statutes, Section 627.736(4)(b), to obtain payment of the bills, to recover interest on the late payments, and to recover attorney’s fees for filing the suit. State Farm’s sole reason for not paying these bills within the statutory time period was that the bills were not submitted on a particular in-house claims form. After Crooks had filed suit, State Farm paid the outstanding claims.
*1268 A non-jury trial proceeded on the issue of Crooks’s entitlement to attorney’s fees for filing the action. The trial court ruled that Crooks was not entitled to attorney’s fees even though State Farm had “technically” violated the time requirements of Section 627.736(4)(b). The court reasoned that State Farm had not violated the intent of Section 627.736(4)(b). After the court denied Crooks’ motion for rehearing, Crooks filed the instant appeal.
Florida Statutes, Section 627.736(4)(b) reads, in pertinent part, as follows:
Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within SO days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the same.... However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.
§ 627.736(4)(b), Fla.Stat. (1993) (emphasis added). Based on the clear and unambiguous language in this statute, we find that the trial court erred in construing the statute in the manner in which it did, and in entering a judgment in favor of State Farm. Here, State Farm clearly violated the express requirements of Section 627.736(4)(b) by failing to pay Crooks’ medical bills within thirty days of being notified, in writing, of these charges. The record indicates that State Farm paid these benefits only after Crooks had initiated the underlying suit, which was over three months after it had been notified of these claims. Section 627.736(4)(b) unambiguously states that an insurer, who fails to pay out benefits within thirty days of receiving proper notice, will be liable to the insured. § 627.736(4)(b), Fla.Stat. (1993).
Here, the trial court correctly acknowledged that State Farm had violated the statute, but then erroneously excused the violation as being merely “technical.” By making this ruling, the trial court, in effect, attempted to create an exception to Section 627.736(4)(b) which does not exist. This constituted error because the express terms of the statute do not provide for tolling of the thirty day payment period under circumstances such as those in this case. As the First District made abundantly clear in Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502 (Fla. 1st DCA 1974):
It appears to us that the statutory language [in Section 627.736(4)(b) ] is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted “no-fault” insurance statute a “no-pay” plan — a result we are sure was not intended by the legislature.
Dunmore, 301 So.2d at 502 (emphasis added); accord Margiotta v. State Farm Mut. Auto. Ins. Co., 622 So.2d 135 (Fla. 4th DCA 1993); Government Employees Ins. Co. v. Gonzalez, 512 So.2d 269 (Fla. 3d DCA 1987). By attempting to create an exception to this section, the court erroneously ignored the plain meaning and intent of Section 627.736(4)(b), which is to guarantee swift payment of PIP benefits. It is well settled that the terms of a statute must be given their plain meaning. See Southeastern Fisheries Ass’n v. Department of Natural Resources, 453 So.2d 1351, 1354 (Fla.1984) (statutory language is to be given its plain and ordinary meaning); Palm Beach County Health Care Dist. v. Everglades Memorial Hosp., 658 So.2d 577, 580 (Fla. 4th DCA 1995) (same); Powell v. State, 508 So.2d 1307, 1310 (Fla. 1st DCA) (same), review denied, 518 So.2d 1277 (Fla.1987); National Fed’n of Retired Persons v. Department of Ins., 553 So.2d 1289, 1290 (Fla. 1st DCA 1989) (same).
The only provision in Section 627.736 which may arguably provide for a tolling of the thirty day payment period is the provi *1269 sion which states that an insurer’s payments will not be overdue where “the insurer has reasonable proof to establish that the insurer is not responsible for the payment....” § 627.736(4)(b), Fla.Stat. (1993) (emphasis added). In the instant case, State Farm never claimed that it was not responsible for the requested claims. Instead, State Farm maintained that it would not recognize the claims until they were submitted on a particular in-house claims form. Since State Farm neither alleged nor attempted to prove that it had “reasonable proof’ that it was not responsible for the underlying claims, and since the court made a finding that State Farm violated the provision of section 627.736(4)(b), the court’s order denying attorney’s fees must be reversed.
Based on our holding, it is clear that Crooks should have been the “prevailing” party in the underlying suit. Consequently, as the prevailing party against its insured, Crooks is entitled to attorney’s fees pursuant to Florida Statutes, Section 627.428. See Government Employees Ins. Co. v. Graff, 327 So.2d 88, 89 (Fla. 1st DCA 1976); Catches v. Government Employees Ins. Co., 318 So.2d 552, 553 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 41 (Fla.1976); Dunmore, 301 So.2d at 502-03. Accordingly, we reverse and remand for an evidentiary hearing to determine the reasonable amount of attorney’s fees to be awarded to Crooks for prosecuting the underlying action.
Reversed and remanded with instructions.

. These providers were Mount Sinai Medical Center (emergency room visit), Dr. David Lehr-man (orthopedic treatment) and the Lehrman Back Center (rehabilitative therapy).