684 So.2d 201 (1996)
Fernando J. MARTINEZ, a/k/a John F. Martinez, Appellant,
v.
FORTUNE INSURANCE COMPANY, a Florida corporation, Appellee.
No. 96-0354.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
Rehearing, Certification, and Rehearing Denied January 7, 1997.
*202 Harry M. Hausman, Pembroke Pines, for appellant.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellee.
Rehearing, Certification, and Rehearing En Banc Denied January 7, 1997.
PER CURIAM.
This is an appeal from a final judgment of the county court passing on the following question certified by the county court, albeit restated, to be one of great public importance:
WHETHER SECTION 627.736(4)(b), FLORIDA STATUTES, REQUIRES A PIP INSURER TO PAY THE CLAIMED BENEFITS WITHIN THIRTY DAYS OF RECEIPT OF THE CLAIM RATHER THAN WITHIN THIRTY DAYS OF RECEIPT OF MEDICAL VERIFICATION OF THE CLAIM.
Having earlier accepted jurisdiction, we now answer the question affirmatively, and reverse and remand with direction to enter final judgment for appellant.
Appellant was in an auto accident on June 5, 1993. Appellee was appellant's No-Fault insurance carrier. Appellee received a No-Fault Application (claim) signed by appellant on July 30, 1993. The application indicated that appellant had suffered lost wages as a result of the auto accident. Appellee sent a disability evaluation request to appellant's physician. The doctor did not respond. A month later, appellee called the doctor to again request information on appellant's condition. Appellee contends that again, it did not get a response from appellant's doctor.
In March of 1994 appellee had still not paid appellant's wage loss claim and appellant filed suit. Appellee communicated to appellant's counsel that it had not paid the claim because it still had not received a disability report from the doctor. Appellant's counsel then successfully arranged for appellee to get appellant's disability report. Appellee paid on the wage loss claim on June 7, 1994, which was within thirty days of receiving the disability report. Appellant argues that he is entitled to statutory interest and attorney's fees because appellee made late payment on the wage loss claim. We agree.
The relevant statute, section 627.736(4), Florida Statutes (1993), states:
BENEFITS; WHEN DUE.Benefits due from an insurer under ss. 627.730-627.7405 shall be primary, except that benefits received under any workers' compensation law shall be credited against the benefits provided by subsection (1) and shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.7405....
....
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same. If such written notice *203 is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for payment, notwithstanding that written notice has been furnished to the insurer.
(Emphasis added).
The plain language of the statute does not resolve the issue. The first part of the statute indicates the insurer is only obligated to pay when it has received "reasonable proof" of a covered loss. The second part of the statute indicates that payment will be late if made more than thirty days after the insurer receives "written notice of the fact of a covered loss." The second part, in our view, obligates the insurer to pay based on receipt of "written notice" of a loss rather than "proof" of a loss.
When considering this statute, the first district held the insurer was obligated to pay within thirty days of written notice of a claim. Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502 (Fla. 1st DCA 1974). The court in Dunmore stated:
It appears to us that the statutory language is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted "no fault" insurance statute a "no-pay" plana result we are sure was not intended by the legislature.
Id. at 502 (emphasis added).
The third district has recently approved of and adopted the conclusion of Dunmore. Crooks v. State Farm Mut. Auto. Ins. Co., 659 So.2d 1266 (Fla. 3d DCA), rev. dismissed, 662 So.2d 933 (Fla.1995). The trial court in Crooks had denied a claim for penalties against an insurer that had not paid on a claim within thirty days of receiving medical bills. Id. at 1268. In reversing, the third district did not reason that the insurer violated the statute because the medical bills constituted proof under the statute. Rather, the court cited Dunmore for the proposition that the burden to verify the claim is on the insurer, and noted that the plain meaning and intent of the statute "is to guarantee swift payments of PIP benefits." Id.
The section of the statute now under consideration is identical to the section that was in effect when Dunmore was decided. § 627.736(4), Fla. Stat. (1973). The legislature has amended section 627.736 twenty-five times since the opinion in Dunmore was released. Ten of these amendments involved changes to the very subsection now under consideration. However, the legislature has never changed or clarified the clauses construed in Dunmore and at issue here. If the legislature was concerned that its intent was not being given effect by the interpretation given this subsection by the court in Dunmore, it has had ample opportunity to clarify its meaning. In the absence of any authority on the meaning of subsection (4), the implied adoption by the legislature of the interpretation established in Dunmore is the most persuasive evidence of what the legislature intended. Accordingly, we hold that section 627.736(4)(b), Florida Statutes, requires a PIP insurer to pay the claimed benefits within thirty days of receipt of written notice of the claim.
GLICKSTEIN and STEVENSON, JJ., and BROWN, A.J., concur.