721 So.2d 384 (1998)
FORTUNE INSURANCE COMPANY, Petitioner,
v.
EVERGLADES DIAGNOSTICS, INC., and Southeast Diagnostics, Inc., Respondents.
No. 98-1582.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for petitioner.
Laurie S. Moss of Law Offices of Laurie S. Moss, P.A., Davie, and Alan K. Marcus of Law Offices of Alan K. Marcus, P.A., Miami, for respondents.
FARMER, Judge.
In section 627.736(4)(b), the legislature has provided that personal injury protection (PIP) benefits are "overdue" if they are not paid within 30 days after notice of the loss and the amount of the claim is given to the insurer. In the very next subsection of the same statute the legislature has required that all PIP policies provide for binding arbitration of any claims dispute between the insurer and any provider of medical services who has agreed to accept an assignment of the insured's benefits. The question raised in this petition for certiorari is whether the "30-day overdue" provision of section 627.736(4)(b) is applicable to demands for arbitration under section 627.736(5). We hold that it is not and that the timeliness of demands for arbitration of such disputes is not governed by this provision.
Petitioner is an insurance company that issued a PIP policy to an insured who was involved in an automobile accident in December 1995. The insured received medical treatment from respondents (providers) and assigned them her right to benefits under the PIP policy. The providers then sent claims to the insurer. Through its attorney, the *385 insurer denied the claims within 30 days by letter to the providers in which the insurer also demanded arbitration in accordance with section 627.736(5) and named an arbitrator. A few weeks later, the providers replied with their own demand for arbitration and named their arbitrator. Apparently the two named arbitrators never conferred to select the neutral arbitrator, and nothing happened for several months.
Nearly a year after the claims were denied by the insurer, providers filed suit against the insurer in the County Court. The insurer responded with a motion to compel arbitration. After holding a hearing, the County Court Judge entered an order denying arbitration, saying that the right to arbitration was lost because the insurer had failed to demand it within 30 days of receiving the unpaid bills for medical treatment and citing Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997). The Seventeenth Judicial Circuit affirmed the ruling without written opinion.[1] The insurer has filed this petition for certiorari review of the decision of the circuit court.
Initially we agree with the insurer that this case is serious enough to result in a miscarriage of justice and thus to engage our discretion to review a final decision of a circuit court sitting in its appellate capacity. See Haines City Comm. Dev. v. Heggs, 658 So.2d 523 (Fla.1995) (certiorari not to provide second appeal; inquiry is limited to whether circuit court afforded procedural due process and applied correct law); and Combs v. State, 436 So.2d 93 (Fla.1983) (in granting writs of common law certiorari, district courts of appeal should not be as concerned with mere existence of legal error as much as with seriousness of the error; district courts should exercise this discretion only when there has been violation of clearly established principle of law resulting in miscarriage of justice). Given the pervasiveness of automobiles and PIP coverage in this state, we deem an erroneous interpretation of this law to be important enough for certiorari.
Turning to the substantive issue, it is difficult to understand the plausibility of a holding that arbitration under section 627.736(5) is lost unless a PIP insurer demands it within 30 days of receiving the unpaid bills. The supposed time limitation for demanding arbitration is based on an interpretation of section 627.736(4)(b)'s provision that bills are overdue if unpaid within 30 days of notice of the loss and amount. We think, however, that the providers have simply read too much into the 30-day overdue provision.
Section 627.736(4)(b) says that PIP benefits paid under this section "shall be overdue if not paid within 30 days...." Section 627.736(4)(c) says that "[a]ll overdue payments shall bear simple interest at the rate of 10 percent per year." As we understand these two provisions, they merely make the PIP insurer liable for interest on such claims if payment is not made within 30 days from the notice. See Martinez v. Fortune Ins. Co., 684 So.2d 201 (Fla. 4th DCA 1996) (statute makes claims for PIP benefits overdue when not paid within 30 days from receipt; failure of insurer to pay claim within 30 days subjects insurer to interest on claim). Hence, appropriately read, the function of the statute is to define when interest begins to accrue on unpaid PIP benefits.
The text of section 627.736(4) certainly does not mention the arbitration provision in section 627.736(5), which itself also fails to mention the 30 day provision in section 627.736(4)(b).[2] While we are required to read statutes in their entirety, we are not free to add provisions to parts of a statute under the guise of such reading. Consequently, we are unable to agree that there is any 30-day requirement on the enforcement of the subsection (5) arbitration provision.
We also note that neither section 627.736(5) nor the policy in question contain any provision as to the time for demanding *386 arbitration. We contrast this with an agreement that contains a time limit for demanding arbitration, either explicitly or implicitly. See Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla.1979) (contract specified that demand for arbitration shall be made within time limits specified in contract where applicable and otherwise within reasonable time); and Frank J. Rooney, Inc. v. Food Fair Industries, Inc., 254 So.2d 30 (Fla. 3d DCA 1971) (only time limitation in contract to demand arbitration was reasonable time after discovery of dispute). In this instance whether the time for demanding arbitration be a reasonable time, or instead any time during the applicable statute of limitations in which an action on the claim itself might otherwise have been commenced, we think the insurer's demand for arbitration was manifestly timely.[3]
Accordingly, we quash the decision of the circuit court in its appellate capacity and remand for consistent proceedings.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] Once again we note that the Seventeenth Judicial Circuit assigns appeals from County Court judgments to a single judge rather than a panel of three judges as the other circuits within this district do. Neither party has raised this issue in this case, and so we make no ruling on the propriety of this local practice.
[2] Indeed, for that very reason, we fail to see how Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997), has any relevancy to the arbitration issue. Pacheco merely holds that the insured could not be required to submit all supporting medical records before 30 day period for payment began to run.
[3] Neither party raised a constitutional question in the trial court, so we have no occasion to pass upon the validity of the arbitration provision in section 627.736. See Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998).