728 So.2d 282 (1999)
ALLSTATE INSURANCE CO., Petitioner,
v.
Farren IVEY, Respondent.
No. 98-2575.
District Court of Appeal of Florida, Third District.
February 10, 1999.
Rehearing Denied April 7, 1999.
Richard A. Sherman, Ft. Lauderdale; Green Murphy Wilke and Murphy and Frank S. Goldstein, Boca Raton, for Petitioner.
Klemick and Gampel and Ross B. Gampel, Miami; Roy D. Wasson, Miami, for Respondent.
Before COPE, LEVY, and SHEVIN, JJ.
LEVY, Judge.
Farren Ivey ("Ivey") was struck by a vehicle insured by Allstate Insurance Company ("Allstate"). Ivey sought treatment from her doctor, which treatment included physical therapy consisting of unattended electrical stimulation therapy. Ms. Ivey's treatment extended from December 16, 1994 to January 10, 1995. By that time, the overall cost for services totaled $710.00.
Ms. Ivey filed a PIP claim with Allstate and the required Health Insurance Claim Form for payment of the claim. Allstate then made payment to the doctor in the amount of $461.60 together with an explanation of benefits form explaining how Allstate arrived at the total.[1]
Thereafter, Ms. Ivey filed suit against Allstate for medical expenses and routine personal injury damages. Allstate, under the belief that Ms. Ivey's claim had been paid with the exception of the reduction, answered Ms. Ivey's Complaint. During the doctor's deposition, Allstate learned that the bill included two treatments, and not one as reflected *283 on the face of the bill. Upon review of his bill, the doctor recognized that the bill did not itemize the charges and conceded that the billing on the Health Insurance Claim Form was incorrect. Within 30 days of the deposition, Allstate paid the doctor the additional monies owed him. Ms. Ivey continued this action against Allstate under the theory that Allstate's failure to pay the original bill in full constituted a wrongful withholding of benefits requiring her to seek the services of an attorney.
A non-jury trial was held on the issue of whether Ms. Ivey was entitled to attorney's fees under section 627.428, Florida Statutes. The county court judge made the following findings of fact: Allstate paid the "reasonable rate" for one unit of billing; the bill was ambiguous as to whether it reflected one or two units of treatment; the doctor did not question the reduced payment; the doctor admitted the bill was unclear and that Allstate's belief was reasonable; Allstate did not learn of this until the doctor's deposition; the balance of the bill was paid within 30 days of Allstate's notice of the error. The court found that Allstate and its claims adjuster had a right to rely on the Health Insurance Claim Form without having to look beyond it unless given notice of an error, and accordingly, denied Ms. Ivey's entitlement to fees and costs. On appeal, the Appellate Division of the Circuit Court reversed.
Because we find that the Appellate Division of the Circuit Court departed from the essential elements of law, we grant the Petition for Writ of Certiorari.[2] The circuit court relied on Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997) and Martinez v. Fortune Ins. Co., 684 So.2d 201 (Fla. 4th DCA 1996) as a basis for reversal. However, both of those cases are distinguishable from the instant case. In those cases, the carrier failed to recognize and verify the claims within the 30 days, to wit, the carrier simply held the payment of claims until they received "proof" of the loss. In the case at hand, however, Allstate recognized and paid the "reasonable" cost of the services described in the bill.
Section 627.736(4)(b), Florida Statutes, requires that benefits due from an insurer be payable within 30 days after the insurer is furnished written notice of the fact of the covered loss and the amount of the claim. Section 627.736(5) requires that a physician, hospital or clinic charge "only a reasonable amount for the products, services, and accommodations rendered" to individual covered by PIP insurance.
Allstate properly paid the "reasonable" cost of one unit of treatment as provided by Ms. Ivey's doctor. Allstate made payment on Ms. Ivey's claim based on what a "reasonable" charge would be per unit of treatment. Ms. Ivey's doctor admitted that the bill, on its face, seemed to be for only one unit of treatment. Additionally, Allstate paid the balance of the bill within 30 days of learning that the total amount of the bill included two units of treatment. Because Allstate did not pay the entire claim due to an error in the doctor's bill, its failure to pay said claim does not rise to that level of "wrongful" which would entitle Ms. Ivey to an award of attorney's fees. Fla. Stat. §§ 627.736(8), 627.428; see also Obando v. Fortune Ins. Co., 563 So.2d 116 (Fla. 3d DCA 1990). Accordingly, we reverse.
The Petition for Certiorari is granted, the decision of the Appellate Division of the Circuit Court is quashed, and the case is remanded to the Circuit Court for Dade County, Appellate Division with directions to enter an opinion affirming the County Court judgment.
NOTES
[1] Allstate determined that $36.00, not $55.00 as the doctor charged, was a reasonable fee per unit of treatment.
[2] "Given the pervasiveness of automobiles and PIP coverage in this state, we deem an erroneous interpretation of this law to be important enough for certiorari." See Fortune Ins. Co. v. Everglades Diagnostics, Inc., 721 So.2d 384 (Fla. 4th DCA 1998).