PAYNE, J.,
for the Court:
PROCEDURAL POSTURE
¶ 1. This case is appealed from the denial of the appellant’s petition for post-con *807 viction relief by the Circuit Court of Pearl River County, Mississippi. The circuit court denied the appellant’s petition. Upon reviewing the record, the appellant’s pleadings and his brief filed with regard to this appeal, we affirm the dismissal of the petition.
FACTS
¶ 2. Terry Davis was convicted by pleading guilty to violating the State Racketeer Influenced Corrupt Organization Act, Miss.Code Ann. § 97-43-3-5 (Rev.1994), on October 5, 1995. He was sentenced to serve fifteen years with the Mississippi Department of Corrections. Feeling aggrieved by this sentence, Davis petitioned the Pearl River Circuit Court for post conviction relief on March 16, 1998, complaining that he had not been adequately advised by his attorney. Specifically, Davis insists that his attorney informed him that if he (Davis) would plead guilty to the RICO violation, he would receive a sentence of six months in the R.I.D. program, and not fifteen years. Upon considering the petition, the circuit court reviewed all files, records, transcripts and correspondence relating to the judgment, then dismissed the claim without a hearing.
ISSUES PRESENTED
I. WHETHER THE CIRCUIT COURT ERRED IN DENYING AN EVIDENTIARY HEARING.
¶ 3. Davis maintains that he is entitled to an evidentiary hearing pursuant to Miss.Code Ann. § § 99-39-13 through 99-39-23 (Rev.1994). Davis insists that his attorney gave him “mistaken” advice which ultimately subjected him. to serve a sentence which he did not agree to serve.

Insufficiency of Counsel

¶ 4. From a review of Davis’s brief, his problem stems from alleged bad advice given to him by his attorney. According to Davis, had his attorney advised him of the fifteen year sentence likely to be imposed by pleading guilty to the RICO violation, he would not have pled guilty. Davis maintains that “his plea was not voluntary due to the mistaken advice of his trial defense counsel.” Davis insists that he expected to plead guilty and receive a six month sentence in the R.I.D. program.
¶ 5. In order to succeed on ineffective assistance of counsel claim, Davis must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and reiterated by the Mississippi Supreme Court as follows:
Under the first prong, the movant “must show that the counsel’s performance was deficient and that the deficient performance prejudiced the defense.” Here there is a strong presumption of competence. Under the second prong of the test, the movant must show that there is a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” The defendant must prove both prongs of the test.
Mohr v. State, 584 So.2d 426, 430 (Miss. 1991).
¶ 6. As to the first prong, it is presumed “that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.” Edwards v. State, 615 So.2d 590, 596 (Miss.1993). Understandably, the Strickland standard “is difficult to establish, and appropriately so.” Knox v. State, 502 So.2d 672, 676 (Miss.1987).
¶ 7. In light of the strict standards of Strickland, there is no indication in the record other than Davis’s allegations that the performance of his attorney was less than the presumption of competence. Although, Davis and his mother filed affidavits in the trial court stating that their reliance on the words of Davis’s attorney, the record of the plea hearing does not support such allegations.
*808 ¶ 8. The circuit judge in his order denying Davis’s post-conviction relief stated:
[T]he Petitioner had several opportunities to speak up and inform the Court about any inconsistencies that might exist between what his attorney had said and what was being told to him in open court. Consequently, this Court finds that the Petitioner’s claims regarding his attorney’s alleged misinformation are not sufficient to overcome the “strong presumption of verity” accorded to his prior sworn statements.
¶ 9. Simply put, Davis has failed to meet the first burden stated in Strickland. Thus, his claim is insufficient.

Plea Agreement

¶ 10. Integrated into Davis’s argument of insufficiency of counsel is his argument that he entered into a plea agreement which was induced by his belief that he would serve only a six month term in the R.I.D. program. Davis attacks the sentence imposed by stating that the two different rules govern the standard of vol-untariness in Mississippi courts. The first rule is provided under Rule 8.04(A)(3) of the Mississippi Uniform Circuit and County Court Rules. The rule states that a plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. Smith v. State, 636 So.2d 1220, 1225 (Miss.1994). A second rule of the voluntariness of a plea — the constitutional standard — is that a guilty plea must be freely and voluntarily entered. Id.
¶ 11. Turning toward the plea, the record indicates that Davis signed a “Petition to enter Plea of Guilty” which he and his attorney executed independent of the circuit court’s supervision. The plea was not coerced or involuntary or based on any promises, and the record also indicates that Davis understood the maximum and minimum sentence which could be imposed by pleading guilty. Furthermore, we find that the circuit judge questioned Davis about his age, whether he understood the charge brought against him, the ramifications of pleading guilty, Davis’s right to forego litigation, Davis’s education, Davis’s rights under the Mississippi Constitution, and whether Davis was under the influence of alcohol or narcotics.
¶ 12. Davis was examined and found to be capable of entering a plea of guilty to this charge. Reliance is given to Davis’s declarations in court that he understood the nature of the charge against him and the consequences of the plea he entered.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ„ CONCUR.