736 So.2d 1272 (1999)
Danny WILLIS, Appellant,
v.
Glen Albert HUFF, Around The Clock A/C Service, Inc., a Florida corporation, Eric Pereira, and Bankers Insurance Company, a foreign corporation, Appellees.
No. 98-1920.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale and Adam E. Miller of David L. Rich, P.A., Margate, for appellant.
Sunia Y. Marsh of Morarity & Botwin, Winter Park, for appellee Bankers Insurance Company, a foreign corporation.
HAZOURI, J.
Danny Willis (Willis) appeals a final summary judgment entered in favor of Bankers Insurance Company (Bankers) in a personal injury action in which Willis claimed uninsured motorist coverage under a Bankers policy. We reverse.
Willis was injured in an automobile accident on April 15, 1995. The vehicle in which Willis was a passenger was rear-ended by another vehicle owned by Around The Clock A/C Service, Inc. and Eric Pereira and operated by Glen Albert Huff. The vehicle driven by Huff was struck by a phantom vehicle which pushed it into the rear of the motor vehicle in which Willis was a passenger.
Willis was an omnibus insured under his mother's policy with Bankers which included uninsured motorist coverage. On August 15, 1996, Willis, through his attorney, gave notice to Bankers that he would be making a claim under his mother's policy and requested that someone from Bankers call the attorney so the claim could be discussed in greater detail. When the claim could not be resolved, Willis filed suit against Bankers, Huff and Around The Clock and Pereira on August 29, 1997. On September 4, 1997, after suit was filed, Bankers requested Willis submit to an examination under oath (EUO) to take place on September 26, 1997. Bankers had never requested an EUO before Willis filed *1273 suit. Willis did not attend the September 26, 1997 examination, and his attorney advised Bankers that it must obtain discovery in accordance with the Florida Rules of Civil Procedure. In its answer Bankers affirmatively alleged that Willis had failed to comply with conditions precedent to bringing this claim by failing to attend a requested EUO prior to filing of the suit.[1]
After a hearing, the trial court granted Bankers' motion for summary judgment. The summary final judgment does not enlighten us as to the basis for granting the motion other than that "the Complaint and Exhibits, together with the Answer, Affirmative Defenses and other record evidence reveal there exists no genuine issues of material fact as to the dispute between Plaintiff and Bankers Insurance Company, and Bankers Insurance Company is entitled to a Judgment as a matter of law."
A review of the transcript of the summary judgment hearing, however, clearly reflects that the trial court accepted Bankers' argument that the facts of this case were squarely in line with the facts of this court's opinion in Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300 (Fla. 4th DCA 1995). In Goldman, this court held that when an insured makes a claim under a policy in which one of the conditions precedent to filing suit under that policy requires that the insured comply with a request by the insurance company for an EUO, failure to do so is a material breach of the insurance contract and entitles the insurer to a summary judgment as a matter of law.
The pertinent facts in Goldman are that the insureds were burglarized on October 8, 1992 and they submitted a sworn proof of loss setting forth their claim under the policy. State Farm began investigating the insureds' claim and the circumstances surrounding the loss. On December 30, 1992, as a part of its investigation, State Farm demanded in writing that both insureds submit to an EUO as well as produce certain records. Such demand was made pursuant to a policy condition requiring the insured to submit to an EUO. In a section entitled `Suits Against Us,' the policy expressly provided that "no action shall be brought unless there has been compliance with the policy provisions." Bankers' policy has similar provisions.
The EUO scheduled by State Farm in Goldman to take place on January 14, 1993 was rescheduled at the request of the insureds' counsel, and the insureds were aware of State Farm's request that they submit to EUO at a mutually convenient time and place as contemplated by the policy. On January 19, 1993, the insureds filed suit against State Farm for breach of the insurance contract and maintained that although they had complied with all conditions precedent necessary to entitle them to recovery under the insurance policy, State Farm had refused to pay their claims.
*1274 The facts of Goldman are clearly distinguishable from the facts involving Willis and Bankers. Although Bankers' insurance policy provides a similar provision requiring as a condition precedent to filing suit that an insured upon request submit to an EUO, this is where the similarity ends. Willis's accident happened April 15, 1995. He filed suit on August 29, 1997. It wasn't until after the suit was filed that Bankers requested that the insured submit to an EUO.
The EUO, in order to be a condition precedent, must be requested before suit is filed. In Goldman the insured flatly refused to comply with the insurer's pre-suit request and filed suit. In this case, Bankers never made a request for an EUO prior to suit being filed over two years after the accident. At the summary judgment hearing, when Willis recognized that the court did not agree with his position that Bankers could only depose him, he agreed to submit to the EUO. Where, as here, the insurer had not made the request for the EUO prior to suit being filed, the trial court should have allowed Willis to comply, rather than deprive him of his UM coverage. We reverse and remand for further proceedings consistent with this opinion.
KLEIN and GROSS, JJ., concur.
NOTES
[1] The insurance policy contains the following language:

Part F-Duties After an Accident or Loss
General Duties
We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit. This includes, but is not limited to, giving us a recorded statement when requested by us.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as we reasonably require:
a. to physical exams by physicians we select. We will pay for these exams.
b. to examinations under oath and subscribe the same.
You must submit to such examination within 30 days after we request you to do so.
Part G General provisions
. . .
Legal Action Against Us
No legal action may be brought against us until there has been full compliance with all terms of this policy.