748 So.2d 307 (1999)
Angel AMADOR, et al., Appellants,
v.
UNITED AUTOMOBILE INSURANCE CO., Appellee.
No. 98-2001.
District Court of Appeal of Florida, Third District.
October 27, 1999.
Rehearing Denied January 26, 2000.
Lidsky & Vaccaro and Charles L. Vaccaro and Juan C. Montes, Hialeah, for appellant.
Conroy, Simberg & Ganon and Hinda Klein (Hollywood), for appellee.
Before NESBITT, COPE, and LEVY, JJ.
LEVY, Judge.
Appellants, Angel Amador and Mercedes Borges ("the insureds"), appeal from a Final Summary Judgment in favor of United Automobile Insurance Company ("United Auto").
The insureds, who are covered under United Auto policies, sought PIP benefits for injuries sustained in separate automobile accidents. Over thirty days after notice of the claim, United Auto scheduled an examination under oath for each of the insureds. In response, the insureds filed their Complaint for declaratory judgment, injunctive relief, and breach of contract seeking (1) a determination of whether United Auto could require the insureds to submit to an examination under oath as a condition precedent to receipt of PIP benefits; (2) to prohibit United Auto from requiring the insureds to submit to an examination under oath, or in the alternative, from scheduling the examination under oath outside their "municipality of residence"; *308 and (3) a judgment that United Auto breached the parties' agreement by failing to pay the PIP claim within a reasonable time.
United Auto filed a Motion for Summary Judgment alleging that the insureds failed to comply with conditions precedent to coverage by refusing to attend the scheduled examinations under oath. The insureds filed a Cross-Motion for Summary Judgment contending that United Auto's policy provision, requiring an insured to submit to an examination under oath, contravened Florida's PIP statute. After a hearing on the motions, the trial court granted Final Summary Judgment in favor of United Auto and denied the insureds' motion. On the authority of Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997) (en banc), we reverse.
United Auto concedes that its requirement for sworn statements, or examinations under oath, does not toll or extend the 30-day period within which the insurer must pay pursuant to section 627.736(4)(b), Florida Statutes. However, United Auto argues that an insured is precluded from filing suit, even beyond the 30-day period, if the insurer requests further information as in the instant case. We disagree with United Auto's argument. If the insurer does not pay by the statutory 30-day period, on the 31st day, the insurer is itself in violation of the PIP statute and the insured is free to initiate a lawsuit to have the case determined on the merits. § 627.736(4)(b), Fla. Stat. (1997); Fortune v. Pacheco, 695 So.2d at 395; Crooks v. State Farm Mut. Auto. Ins. Co., 659 So.2d 1266, 1268 (Fla. 3d DCA 1995); Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502 (Fla. 1st DCA 1974).
Section 627.736(4)(b) provides that an insured's claim is "due and payable as loss accrues, upon receipt of reasonable proof of such loss." The Policy Agreement between United Auto and the insureds provides that "[n]o action shall lie against `us'; unless, as a condition precedent thereto, there shall have been full compliance with all terms of this insurance, nor until 30 days after the required notice of accident and reasonable proof of claim has been filed with `us.'" The policy defines proof of claim and explains that payment of a claim may be withheld: "[a]s soon as practicable, the person making claim, ... shall give to `us' written proof of claim, under oath if required, and/or submit to an examination under oath by any person named by `us' when or as often as `we' may reasonably require, at a place designated by `us' within a reasonable time after `we' are notified of the claim." (emphasis added).
We recognize that an insurer may define "reasonable proof" in its policy and, furthermore, may request information that will aid it in the investigation of a claim. However, we stress that the "burden is clearly upon the insurer to authenticate the claim within the statutory time period." Fortune v. Pacheco, 695 So.2d at 395 (quoting Dunmore, 301 So.2d at 502); Crooks, 659 So.2d at 1268-69. See also United Auto. Ins. Co. v. Rodriguez, 746 So.2d 112 (Fla. 3d DCA 1999); Perez v. State Farm Fire and Cas. Co., 746 So.2d 1123 (Fla. 3d DCA 1999). The insurer cannot use its investigative rights to extend the 30-day period without reasonable proof that it is not responsible for the claim. See § 627.736(4)(b), Fla. Stat. (1997); Fortune v. Pacheco, 695 So.2d at 395; Crooks, 659 So.2d at 1268-69. United Auto failed to establish, prior to the 30-day period, and thereafter, any "reasonable proof" that it is not responsible for the insureds' claims.
Additionally, the record evidence in the instant case shows that United Auto received notice of insured Amador's claim for PIP benefits on April 28, 1997 and did not request an examination under oath until June 18, 1997. Similarly, United Auto received insured Borges' notice of claim on March 24, 1997 but, did not request an examination under oath until June 25, 1997. We find that the record before this Court establishes that United *309 Auto's request for an examination under oath from the insureds beyond the 30-day statutory period was "unreasonable." Florida precedent is clear that the insurer has the burden to authenticate the claim within the statutory period and may not unilaterally define "reasonable proof" to extend the statutory time limitation. See Fortune Ins. Co. v. Pacheco, 695 So.2d at 395; see also United Auto. Ins. Co. v. Rodriguez, 746 So.2d 1123, 1125; Perez v. State Farm Fire and Cas. Co., 746 So.2d 1123, 1125.
United Auto relies on the recent case of Willis v. Huff, 736 So.2d 1272 (Fla. 4th DCA 1999) in support of its contention that an examination under oath is a condition precedent to suit when the insurer requests the examination prior to the filing of suit. While we agree with the outcome in Willis, we disagree that the decision has any bearing on the instant case, where the statutory period for payment of the claim expired.
In Willis, the insured notified Bankers Insurance Company ("Bankers") of his claim. Approximately one month after the insured filed suit, Bankers scheduled the insured for an examination under oath. When the insured failed to attend, Bankers affirmatively alleged that the insured failed to comply with conditions precedent to bringing his claim by failing to attend a requested examination under oath prior to filing suit. The trial court, after a hearing, granted Bankers' Motion for Summary Judgment on the authority of Goldman v. State Farm Fire General Ins. Co., 660 So.2d 300 (Fla. 4th DCA 1995) (holding that where the insured fails to comply with a condition precedent to filing suit, including submitting to an examination under oath, the insurer is entitled to summary judgment as a matter of law). On appeal, the Fourth District reversed holding that Goldman was distinguishable because, unlike the insureds in Goldman, the Willis insured filed suit prior to the request from Bankers for an examination under oath.
United Auto asserts that because it sought an examination under oath from the insureds prior to their filing suit, the insureds must comply with the requested examinations under oath. However, the instant case, unlike Willis, is governed by Florida's PIP statute which requires United Auto to verify, and pay, an insured's claim within 30 days of receiving notice of the claim. § 627.736(4)(b), Fla. Stat. (1997). It is clear that the purpose, and plain meaning of Florida's PIP statute is "to guarantee swift payment of PIP benefits." Crooks, 659 So.2d at 1268-69; see also Dunmore, 301 So.2d at 502. Consequently, the statute intentionally places the burden on the insurer to authenticate the claim within 30 days of receipt. See Pacheco, 695 So.2d at 395; Crooks, 659 So.2d at 1268-69; Dunmore, 301 So.2d at 502. Accordingly, contrary to United Auto's argument that the insureds were barred from filing suit without first submitting to an examination under oath, we hold that, because of the special nature of, and protection afforded by, the PIP statute, upon expiration of the 30-day period, the insurer is itself in breach of the contract and may therefore, not deny an insured the right to access the courts for purposes of enforcing the PIP statute. We reverse the Final Summary Judgment entered against the insureds and remand for further proceedings.
Reversed and remanded.