PER CURIAM.
Petitioner State Farm Mutual Automobile Insurance Company seeks certiorari review of an order of the circuit court, sitting in its appellate capacity. The order affirmed a county court final judgment, ruling on a claim under the PIP statute. Part of that judgment contained the finding of fact that respondent Charles Jenkins filed a claim for chiropractic benefits on April 29, 1996- Although State Farm disagrees with that finding in its petition to this court, State Farm did not seek review of the trial court’s factual findings in its appeal to the circuit court. This court has no certiorari jurisdiction to review the county court’s findings of fact. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
On June 4, 1996, State Farm notified Jenkins of its request that he submit to an examination under oath, pursuant to the terms of the policy. Jenkins did not appear at a scheduled examination.
Jenkins filed suit in the county court to recover unpaid benefits. The trial judge entered a judgment in his favor based on an ambiguity in the policy.
The circuit court affirmed on different grounds. Without reaching the legal analysis in the circuit court opinion, we deny the petition for writ of certiorari. By the time State Farm requested an examination *623 ■under oath on June 4, the claim filed on April 29 was already overdue under the thirty day provision of section 627.786(4)(b), Florida Statutes (1999). Respondent was therefore “free to initiate a lawsuit to have the case determined on the merits.” Amador v. United Auto. Ins. Co., 748 So.2d 807, 308 (Fla. 3d DCA 1999), rev. denied, No. SC00-461, 767 So.2d 464 (Fla. June 26, 2000); see Martinez v. Fortune Ins. Co., 684 So.2d 201, 203 (Fla. 4th DCA 1996). State Farm also argues that the trial court erred by entering final judgment against it without allowing it to pursue any defenses it might have had to the claim. However, this issue was not raised in the appeal to the circuit court. State Farm’s brief in the circuit court argued only that the county judge had misinterpreted the policy and the statute.
In this case there was no “violation of a clearly established principle of law resulting in a miscarriage of justice.” Haines City, 658 So.2d at 528 (quoting Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).
The petition for writ of certiorari is denied.
DELL, GROSS and HAZOURI, JJ., concur.