847 So.2d 994 (2003)
Pedro ORTEGA, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D02-2436.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Rehearing and Certification of Conflict Denied June 11, 2003.
*995 Stephens, Lynn, Klein, La Cava, Hoffman & Puya and Marlene S. Reiss, Miami; John H. Ruiz, Miami, for petitioner.
Johnson, Leiter & Belsky and Eric G. Belsky, Fort Lauderdale, for respondent.
Before SCHWARTZ, C.J., and LEVY and WELLS, JJ.
LEVY, Judge.
Petitioner Pedro Ortega filed a Petition for Writ of Certiorari, seeking to quash an opinion of the Appellate Division of the Circuit Court which affirmed a directed verdict of the County Court entered in favor of Respondent United Automobile Insurance Company (United Auto). We grant the Petition, quash the opinion of the Appellate Division of the Circuit Court, and remand for further proceedings consistent with this Opinion.
Ortega suffered injuries in a May 1999 automobile accident and sought personal injury protection (PIP) benefits from United Auto. In August 1999, United Auto suspended benefits based on the opinion of its IME physician. Ortega subsequently filed an action in the County Court. At trial and on appeal, United Auto contended that, by virtue of Section 627.736(5)(d), Florida Statutes (Supp.1998), Ortega was required to prove, as part of his prima facie case, that his medical providers were licensed to perform the services that they rendered. Ortega contended that the issue of licensure of his providers would be more appropriately raised as an affirmative defense by United Auto. The trial court agreed with United Auto and directed a verdict in favor of United Auto because Ortega failed to introduce any evidence that his medical providers possessed the valid licenses required to perform their services. On appeal to the Appellate Division of the Circuit Court, the court affirmed the order entered by the County Court. This Petition follows.
The proper inquiry under certiorari review is whether the Circuit Court afforded procedural due process and whether it observed the essential requirements of the law.[1]See Ivey v. Allstate *996 Ins. Co., 774 So.2d 679, 682 (Fla.2000) (citing Haines City Community Development v. Heggs, 658 So.2d 523, 525 (Fla. 1995)). Certiorari jurisdiction is to be sparingly invoked in a situation where the District Court of Appeal is asked to review a decision of the Circuit Court sitting in its appellate capacity. See State v. Miketa, 824 So.2d 970, 973 (Fla. 3d DCA 2002) (citing Ivey, 774 So.2d at 682-83). As stated in Ivey, the precedent cases "suggest that the district court should examine the seriousness of the error and use its discretion to correct an error `only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice.'" Ivey, 774 So.2d at 682 (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982-83 (Fla. 2d DCA 1997)).
In the instant case, Ortega contends that the Circuit Court departed from the essential requirements of the law when (1) it determined that Section 627.736(5)(d), Florida Statutes (Supp.1998), required an additional statement of medical providers' licensure in addition to the other items required to provide notice to the insurer; and (2) based on the foregoing determination, concluded that Ortega was required to prove, as part of his prima facie case, that his medical providers were licensed to perform the services that they rendered. We agree with Ortega. Section 627.736(5)(d)[2], Florida Statutes (Supp. 1998), provides as follows:
All statements and bills for medical services rendered by any physician, hospital, clinic, or other person or institution shall be submitted to the insurer on a Health Care Finance Administration 1500 form, UB 92 forms, or any other standard form approved by the department for purposes of this paragraph. All billings for such services shall, to the extent applicable, follow the Physicians' Current Procedural Terminology (CPT) in the year in which services are rendered. No statement of medical services may include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services. For purposes of paragraph (4)(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the statements or bills comply with this paragraph.
This section contains two affirmative requirements. First, the statements and bills for the medical services rendered are required to be submitted on a Health Care Finance Administration 1500 form, UB 92 forms, or another standard form approved by the Department of Insurance. Second, those bills are required, to the extent applicable, to follow the Physicians' Current Procedural Terminology (CPT) in the year in which the services are rendered. While Section 627.736(5)(d) contains no other affirmative requirements, it states that no such statement for medical services may include charges performed by a person or entity who did not possess the valid licenses to perform such services. On appeal, the Circuit Court interpreted the foregoing to impose a third affirmative requirementthat "the notice must contain in addition to the bills some statement that the providers had the required licenses." Ortega v. United Auto. Ins. Co., No. 01-234 AP (Fla. 11th Cir.Ct. Aug. 13, 2002). Given that Ortega did not have proof that the medical bills were accompanied by a statement that the providers had the required licenses, the Circuit Court affirmed *997 the directed verdict on the basis that Ortega failed to provide a legally sufficient notice, considered by the Circuit Court as a condition precedent to recovery of benefits, to United Auto.
The Circuit Court, sitting in its appellate capacity, departed from the essential requirements of the law because it granted a directed verdict to United Auto which was premised upon non-compliance with a non-existent statutory requirement. That is, the Circuit Court applied the incorrect law in the instant case. "The Legislature's intent must be determined primarily from the language of the statute." Rollins v. Pizzarelli, 761 So.2d 294, 297 (Fla.2000) (citing Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla.1992)). When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning. See Rollins, 761 So.2d at 294 (citations omitted). Here, the language of Section 627.735(5)(d), Florida Statutes (Supp.1998), makes it clear that the affirmative requirements for the statutory notice pertain to the form of the bill completed by the medical providers, and the terminology utilized to describe the services listed on the bill. The statute does not contain an affirmative requirement that an additional statement of licensure be appended to the bills. Rather, the statute only declares that the statement of medical services cannot contain charges for services performed by unlicensed individuals or entities. This is a far cry from requiring substantiation of a medical provider's licensure. Thus, the Circuit Court departed from the essential requirements of the law by affirming the directed verdict entered in favor of United Auto based upon Ortega's failure to provide evidence of compliance with a statutory requirement that simply does not exist. That being said, given that "[t]he burden is clearly upon the insurer to authenticate the [PIP] claim within the statutory time period," we hold that the fact that a provider is not licensed is more appropriately raised as an affirmative defense by the insurer. Fortune Ins. Co. v. Pacheco, 695 So.2d 394, 395 (Fla. 3d DCA 1997) (citing Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502, 502 (Fla. 1st DCA 1974)). Accordingly, the opinion of the Circuit Court is quashed and this cause is remanded for further proceedings consistent with this Opinion.
Certiorari granted, opinion quashed.
WELLS, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
I agree with the result, but do so on grounds not directly related to the substantive issue discussed by the court. In my judgment, the carrier waived or was estopped to assert the alleged defect in the plaintiff's case (which was easily correctable merely by showing what should anyway be presumed: that the person who treated him was licensed to do so) by failing to raise the issue timely and properly in the trial court. See Fla.R.Civ.P. 1.120(c); Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984).
NOTES
[1] In Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995), the Florida Supreme Court concluded that the term "applied the correct law" is synonymous with "observing the essential requirements of the law."
[2] Under the current statute, this provision is found in Section 627.736(5)(e), Florida Statutes.