PER CURIAM.
United Automobile Insurance Company (“United Auto”), appeals from an adverse summary judgment on liability in a putative class action lawsuit brought by insureds and medical providers seeking late payment interest on medical expenses. We reverse because statutory interest on overdue Personal Injury Protection (“PIP”) payments accrues 30 days after an insurance company receives a written notice of claim.
United Auto insured Mireya Somarriba (“Somarriba”), who was injured in an automobile accident on June 23, 1999. Somar-riba reported the accident to United Auto approximately one month later on July 27, 1999. United Auto then sent a reservation of rights letter based on the late notice of the claim and its belief that the vehicle involved in the accident may not be covered.
After the accident, Somarriba received medical care from appellee Stat Technologies, Inc. (“Stat Technologies”). Stat Technologies sent a statement to United Auto in the amount of $1,750 on August 26, 1999. Thereafter, United Auto scheduled an independent medical examination which took place in September, and an examination under oath to verify Somarriba’s treatment which took place in November. An adjuster reviewed the file on November 30, 1999, and sent Stat Technologies payment, which included $26.84 overdue interest payment-calculated from 31 days *922 after United Auto received Stat Technologies’ statement.
Stat Technologies then filed a class action complaint against United Auto, seeking to certify all of United Auto’s insureds, or their medical providers. The complaint alleged late payment interest for overdue PIP payments is to be calculated from the date an insurance company receives bills, not 30 days later. The parties agreed to postpone class certification until a determination of the issues relative to liability, and both filed motions for summary judgment. The trial court granted summary judgment on liability for Stat Technologies, finding the interest United Auto was required to pay on overdue PIP benefits, was to be calculated from the date the insurer received written notice of the fact of a covered loss and its amount. United Auto’s motion for summary judgment on liability was denied.
Section 627.736(4), Florida Statutes (2000), provides that PIP benefits such as medical bills are due and payable when the loss “accrues,” and upon the insurer’s receipt of reasonable proof of loss. Insurers are obligated to pay only medical and disability benefits that are reasonable, see §§ 627.736(l)(a) & (b), 627.736(5)(a), Fla. Stat. (2000), and may refuse to pay a treating physician where it is believed the treatment was not reasonable, related or necessary, § 627.736(7)(a), Fla.Stat. (2000).
Insurers are thus provided with a 30 day period in order to verify whether the loss is payable or whether it is barred because of fraud or some other policy exclusion, and to determine whether the, services provided and amount of the bill were reasonable or necessary. See § 627.736(4)(b), Fla.Stat. (2000); State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818 (Fla.1996); Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997); Levy v. Travelers Ins. Co., 580 So.2d 190 (Fla. 4th DCA 1991).
With regard to interest, Section 627.736(4)(c) says that “[a]ll overdue payments shall bear simple interest at a rate of 10 percent per year.” § 627.736(4)(c), Fla.Stat. (2000). “Overdue” PIP benefits are defined as those not paid within 30 days after the insurer receives written notice of a covered loss and its amount. § 627.736(4)(b), Fla.Stat. (2000).
We determine that the legislature intended that interest on overdue PIP payments does not commence until the loss accrues, which is 30 days after the insurance company receives notice of a fact of covered loss. See Government Employees Ins. Co. v. Gonzalez, 512 So.2d 269 (Fla. 3d DCA 1987); Ortiz v. Safeco Ins. Co., 144 N.J.Super. 506, 366 A.2d 695 (1976). To calculate interest on overdue payments from the first day notice is received would contravene established law, contradict other statutory provisions, and circumvent statutory intent.
In reaching this conclusion, we are not unmindful that the purpose of the PIP statute is to provide a swift and virtually automatic payment of PIP benefits. See Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974); Government Employees Ins. Co. v. Gonzalez, 512 So.2d at 271. However, as obviously contemplated by the legislators in providing insurers with a 30 day investigatory period, the policy to ensure swift payment must be balanced against the policy to prevent improper claims.
We do not believe the legislators intended to punish insurers for undergoing the appropriate investigation contemplated under the statute. Accordingly, we reverse the order below with instructions to the trial court to enter summary judgment on liability in favor of United Auto.
*923 Reversed and remanded with instructions.