944 So.2d 1195 (2006)
Jesus A. ARIAS, Appellant,
v.
AFFIRMATIVE INSURANCE COMPANY, Appellee.
No. 4D05-4595.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Allen R. Seaman of Law Offices of Allen R. Seaman & Associates, P.A., West Palm Beach, for appellant.
Alicia Lyons Laufer of Rubinton & Laufer, LLC, Hollywood, for appellee.
WARNER, J.
The trial court granted an ore tenus motion for judgment on the pleadings based upon the terms of the insurance policy on which appellant sought declaratory relief. Appellant claimed that under the policy he was not required to appear for an examination under oath for purposes of his PIP claim for benefits. The court construed the provisions against appellant's contention. Because we conclude that the policy did not require such an examination, we reverse.
According to the complaint, appellant, Jesus Arias, sustained injuries requiring medical care as a result of a motor vehicle accident. He notified his insurance company, Affirmative, of his loss and submitted a request for PIP benefits. Affirmative requested that Arias appear for an examination under oath to be transcribed by a court reporter. After correspondence between Arias' counsel and the insurance company, Affirmative continued to demand the examination under oath. Arias then agreed to be present for an examination under oath but objected to the presence of a court reporter or otherwise recording the statement, contending that the policy did not contain such a requirement. *1196 Eventually, Arias and his counsel appeared to give a non-recorded statement under oath, but the insurance company failed to appear.
After Affirmative finally refused to provide PIP benefits, Arias filed a declaratory judgment action claiming that the wording of the policy did not require Arias to submit to a recorded statement under oath as a condition precedent to his entitlement to benefits. He further maintained that Affirmative's refusal to accept Arias' offer to give a non-recorded statement under oath acted as a waiver of Affirmative's right to obtain an examination under oath. Arias made other claims, but those are not relevant to our disposition of this appeal.
The Personal Auto Policy in this case, which is subtitled Personal Injury Protection and Property Damage Liability, is divided into two parts. The first consists of the Personal Auto Policy and provides liability protection. Within its provisions is the following:
PART B-DUTIES AFTER AN ACCIDENT OR LOSS
We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
B. A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices of legal papers received in connections with the accidents or loss
3. Submit, as often as we reasonably require
a. To physical exams by physicians we select. We will pay for these exams
b. To examination under oath and subscribe the same
. . . .
(emphasis added).
An endorsement, entitled "Personal Injury Protection Coverage  Florida," provides that with respect to coverage provided by the endorsement, the provisions of the policy apply "unless modified by the endorsement." (emphasis added). The endorsement includes the following:
III. Duties After an Accident or Loss
Part E is replaced by the following:
DUTIES AFTER AN ACCIDENT OR LOSS
A person seeking Personal Injury Protection Coverage must:
* * *
C. Promptly give us written proof of claim, under oath if requested. Such proof shall include:
1. Full details of the nature and extent of the injuries and treatment received and contemplated; and
2. Any other information which may assist us in determining the amount due and payable.
(emphasis added). While this section states that it replaces Part E, the original policy only contains Parts A, B, and C and there is no Part E. However, Part B of the policy covers the insured's duties after a loss.
At a hearing on discovery, the trial court reviewed the policy and invited the insurance company to make an ore tenus motion for judgment on the pleadings to "cut to the chase" as the trial court termed it. The company complied, and the trial court granted the motion, determining that the *1197 policy required an examination under oath which could be recorded by a court reporter. Arias appeals.
The construction of an insurance contract involves a question of law, and an appellate court applies a de novo standard of review. Discover Prop. & Cas. Ins. Co. v. Beach Cars of West Palm, Inc., 929 So.2d 729, 732 (Fla. 4th DCA 2006). As we said in Southeastern Fire Insurance Co. v. Lehrman, 443 So.2d 408, 408-09 (Fla. 4th DCA 1984):
Courts should resort to complex rules of construction to determine coverage or the applicability of exclusions only when the language used in the policy is ambiguous or otherwise susceptible of more than one meaning. Absent such factors courts should apply the plain meaning of words and phrases used in a policy of insurance.
See also Great Am. Ins. Cos. v. Souza, 855 So.2d 187 (Fla. 4th DCA 2003).
The policy under review does not provide for an examination under oath for purposes of PIP claims. Although the liability provision of the policy requires examinations under oath as part of the duties of a "person seeking coverage," that section is replaced by a different section in the PIP coverage. Pursuant to that section, "Duties After an Accident or Loss," the PIP claimant must "promptly give us written proof of claim, under oath if requested." (emphasis added). No examination under oath is required by the policy. The policy is clear and unambiguous on what is required of the PIP claimant, and the insurance company cannot insist on something not within the terms of the policy.
The trial court looked to the wrong provision of the policy in granting judgment on the pleadings. We therefore reverse and remand for further proceedings.
Reversed and remanded.
STEVENSON, C.J., and TAYLOR, J., concur.