[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

────────────

No. 10-13183

────────────

D. C. Docket No. 1:09-cv-23624-JLK

MERLY NUNEZ,
a.k.a. Nunez Merly,

Plaintiff-Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,

Defendant-Appellee.

────────────

Appeal from the United States District Court
for the Southern District of Florida

────────────

(August 8, 2013)

Before DUBINA, FAY and KLEINFELD,[*] Circuit Judges.

────────────

[*] Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit,
sitting by designation.

DUBINA, Circuit Judge:

Merly Nunez ("Nunez"), a class representative, appealed the district court's dismissal of her complaint for failure to state a claim and its order denying her motion for reconsideration. Nunez argued that examinations under oath ("EUOs") are impermissible conditions precedent to personal injury protection ("PIP") coverage under Florida law and the Florida No-Fault automobile insurance statute based on the Florida Supreme Court's decision in *Custer Medical Center v. United Automobile Insurance Co.,* 62 So. 3d 1086, 1089 n.1, 1091 (Fla. 2010). Geico Insurance Company insisted that any statements regarding EUOs by the Florida Supreme Court in *Custer* were merely *dicta* and not controlling. As a result of varying interpretations of *Custer* in the lower Florida state courts, we concluded in our previous opinion reported as *Nunez v. Geico General Insurance Co.*, 685 F.3d 1205 (11th Cir. 2012), that Florida law was unclear in the context of statutorily mandated insurance and the Florida No-Fault Statute and certified the following question to the Supreme Court of Florida: "[w]hether, under FLA. STAT. § 627.736, an insurer can require an insured to attend an EUO as a condition precedent to recovery of PIP benefits?" *Id.* at 1211.

2

On June 27, 2013, the Supreme Court of Florida answered the certified question in the negative as to FLA. STAT. § 627.736, (2008),[1] and "confirm[ed the court's] statement in *Custer Medical Center v. United Automobile Insurance Co.*, 62 So. 3d at 1086, 1091 (Fla. 2010), that '[t]he Florida No-Fault statute is mandatory and does not recognize such a condition. It is therefore invalid and contrary to the statutory terms.'" *Nunez v. Geico Gen. Ins. Co.*, 38 Fla. L. Weekly Supp. 440 (Fla. June 27, 2013). Accordingly, based upon the Supreme Court of Florida's answer to our certified question in its opinion filed on June 27, 2013, and attached hereto as "Appendix I", we reverse the district court's judgment of dismissal of Nunez's complaint for failure to state a claim and its order denying her motion for reconsideration and remand this case to the district court for further proceedings consistent with the opinion of the Supreme Court of Florida.

**REVERSED and REMANDED.**

---

[1] The Florida Supreme Court held that the current version of the statute, which was effective January 1, 2013, does not apply retroactively.

3

# Supreme Court of Florida

---

No. SC12-650

---

**MERLY NUNEZ a/k/a NUNEZ MERLY,**
Appellant,

vs.

**GEICO GENERAL INSURANCE COMPANY,**
Appellee.

[June 27, 2013]

PERRY, J.

This case is before the Court for review of a question of Florida law certified by the Eleventh Circuit Court of Appeals as being determinative of a cause pending in that court and for which there appears to be no controlling precedent. Specifically, the Eleventh Circuit asks "[w]hether, under FLA. STAT. § 627.736, an insurer can require an insured to attend an [examination under oath] as a condition precedent to recovery of [personal injury protection] benefits?" Nunez v. Geico Gen. Ins. Co., 685 F.3d 1205, 1211 (11th Cir. 2012). We have jurisdiction. See art. V, § 3(b)(6), Fla. Const.

We answer the certified question in the negative as to section 627.736, Florida Statutes (2008), and confirm our statement in Custer Medical Center v. United Automobile Insurance Co., 62 So. 3d 1086, 1091 (Fla. 2010), that "[t]he Florida No-Fault statute is mandatory and does not recognize such a condition. It is therefore invalid and contrary to the statutory terms." A recent amendment to section 627.736 provides otherwise, but did not take effect until January 1, 2013, and does not inform or control our disposition of the present case. See ch. 12-197, § 10, at 2737, 2752, Laws of Fla. (now codified in § 627.736(6)(g), Fla. Stat. (2012)).

## I.  FACTS/PROCEDURAL HISTORY

Merly Nunez's automobile insurance policy with the Government Employees Insurance Company (Geico) included personal injury protection coverage (PIP) and a condition that "[t]he insured or any other person seeking coverage under this policy must submit to examination under oath [EUO[1]] by any person named by us when and as often as we may reasonably require." Geico

---

1. An examination under oath is "an investigative tool whereby an insurer may request that a claimant pursuing a claim under a policy appear at a specified location to give a statement under oath. The examination is usually conducted by an insurance adjuster or defense attorney who interrogates the claimant about the claim or other factors that may bear on coverage. The statement is almost always transcribed by a court reporter and is often tape recorded." Russel Lazega, Florida Motor Vehicle No-Fault Law: Personal Injury Protection (PIP) § 7:15 (2011-12 ed.).

denied Nunez's PIP claim for failing to satisfy this condition after she was injured

in a car accident on September 17, 2008. She alleged that Geico had thereby

violated Florida's PIP statute (section 627.736, Florida Statutes (2008)) in a class

action complaint seeking a declaratory judgment filed in state circuit court on

October 26, 2009. See Nunez, 685 F.3d at 1207. The action was removed to a

federal district court, which ultimately granted Geico's dismissal motion upon

ruling in pertinent part:

> [Nunez] asks the Court to determine whether Florida's PIP Statute . . .
> permits EUO's as a prerequisite to receiving PIP benefits. [Geico]
> points out, and the Court agrees, that there is no language in the PIP
> statute prohibiting an insurer from requiring an EUO, or from
> imposing any other reasonable requirements when filing claims.
> [Nunez] contends that PIP's enactment limited an insured's
> constitutional right of access to courts and, because of such limitation,
> the statute specifically outlines the limitations that can be imposed and
> required of the insured as . . . conditions to receiving benefits.
> Moreover, [Nunez] fails to cite any case, and the Court has found
> none on its own research, which states that an insurer was precluded
> from denying an insured benefits, based on the insured's refusal to
> attend an EUO.

Nunez v. Geico General Ins. Co., 22 Fla. L. Weekly Fed. D295, D295 (S.D. Fla.

Apr. 13, 2010). The federal district court denied Nunez's motion for

reconsideration, whereupon she filed a notice of appeal to the Eleventh Circuit

Court of Appeals on July 2, 2010.

While that appeal was still pending, this Court on November 4, 2010, issued

its opinion in Custer, stating as to EUOs that "[t]he Florida No-Fault statute is

- 3 -

mandatory and does not recognize such a condition. It is therefore invalid and contrary to the statutory terms." 62 So. 3d at 1091. In subsequent briefing in the Eleventh Circuit, Nunez and Geico disputed whether this and related statements in Custer amounted to a holding or dicta. Upon examining Custer, the PIP statute, and relevant caselaw, the Eleventh Circuit concluded that Florida law was unclear, and certified the following question to this Court: "Whether, under FLA. STAT. § 627.736, an insurer can require an insured to attend an EUO as a condition precedent to recovery of PIP benefits?" Nunez, 685 F.3d at 1211 (issued April 3, 2012).

About a month later, on May 4, 2012, Governor Rick Scott approved amendments to the PIP statute effective January 1, 2013, including the requirement that insureds seeking benefits under the Florida Motor Vehicle No-Fault Law "comply with the terms of the policy, which include, but are not limited to, submitting to an examination under oath." Ch. 12-197, § 10, at 2737, 2752, Laws of Fla. (now codified in § 627.736(6)(g), Fla. Stat. (2012)).

## II. ANALYSIS

In disputing the meaning of section 627.736, Florida Statutes (2008), the parties and amici curiae in this case primarily argue in terms of Custer and the 2012 amendment of the PIP statute. We address those arguments in turn below, applying the de novo standard of review. See generally Osborne v. Dumoulin, 55

- 4 -

So. 3d 577, 581 (Fla. 2011) (recognizing in the present posture of answering a question certified by the Eleventh Circuit that "[t]he determination of the meaning of a statute is a question of law and thus is subject to de novo review").

## A. Custer

EUOs were not directly at issue in Custer, in which this Court's primary holding was that the underlying district court of appeal had misapplied the standard of review on second-tier certiorari review of a case involving an insurance company's denial of PIP benefits based on the insured's failure to appear for a medical examination. 62 So. 3d at 1088-89. In discussing that misapplication, this Court referenced the fact that,

> to support its analysis that attendance at a medical examination was a condition precedent to coverage, the district court incorrectly characterized a letter concerning [the insured's] failure to attend a testimonial examination under oath in August, not a medical exam, as referencing [the insured's] failure to attend the medical examinations scheduled in April. Of note, the letter does not support the [district court's] condition precedent analysis because the relevant quote in the letter is from the policy, which designates attendance at a testimonial examination under oath, not a medical examination, as a condition precedent to receiving PIP benefits.

Id. at 1094-95. In earlier discussing the letter, the Court explained in a footnote that,

> [a]lthough the district court of appeal mentions a letter of September 9, 2002, that letter is related to a purported verbal examination under oath with a prohibition of the presence of counsel for an insured, not a medical exam. The concept of a verbal examination under oath is not relevant due to the posture of this case and positions of the parties.

- 5 -

The only argument in this case at the trial court, circuit court, and district court of appeal was based upon medical exams and the failure to attend medical exams. A purported verbal exam under oath without counsel[2] in the PIP context is invalid and more restrictive than permitted by the statutorily mandated coverage and the terms and limitations permitted under the statutory provisions. The prohibition of policy exclusions, limitations, and non-statutory conditions on coverage controlled by statute is clear. See Flores v. Allstate Ins. Co., 819 So. 2d 740, 745 (Fla. 2002) (noting that courts have an obligation to invalidate exclusions on coverage that are inconsistent with the purpose of the statute that mandates the coverage); Salas v. Liberty Mut. Fire. Ins. Co., 272 So. 2d 1, 5 (Fla.1972) (recognizing that insurance coverage that is a creature of statute is not susceptible to the attempts of the insurer to limit or negate the protection afforded by the law); Mullis v. State Farm Mut. Auto. Ins. Co., 252 So. 2d 229, 232–34 (Fla. 1971) (stating that automobile liability insurance and uninsured motorist coverage obtained to comply with or conform to the law cannot be narrowed by the insurer through exclusions and exceptions contrary to the law); Diaz–Hernandez v. State Farm Fire & Casualty Co., 19 So. 3d 996, 1000 (Fla. 3d DCA 2009) (concluding that a provision in a policy was invalid because it was against the public policy of the statute); Vasques v. Mercury Cas. Co., 947 So. 2d 1265, 1269 (Fla. 5th DCA 2007) (stating that restrictions on statutorily mandated coverage must be carefully examined because exclusions that are inconsistent with the purpose of the statute are invalid) (citing Flores, 819 So. 2d at 745). PIP insurance is markedly different from homeowner's/tenants insurance, property insurance, life insurance, and fire insurance, which are not subject to statutory parameters and are simply a matter of contract not subject to statutory requirements.

---

2. Geico attempts to distinguish Custer based on the "without counsel" language referenced therein. But, as Nunez correctly counters, "Geico's argument that Custer is somehow limited to EUO's outside the presence of counsel is not supported by this Court's analysis in Custer or by the case-law cited therein supporting same. Moreover, such a reading is illogical since the P.I.P. statute did not contain any EUO condition, whether with or without the presence of counsel. Nowhere does the opinion focus on the presence of counsel as more than a mere fact therein or infer a different result otherwise."

<u>Custer</u>, 62 So. 3d at 1089 n.1 (footnote added); <u>accord</u> at 1095-96 (stating that attendance at a EUO without counsel as a condition precedent to coverage is "contrary to the general principles of law concerning affirmative defenses and conditions precedent, as well as the principles underlying the PIP statute"). In distinguishing a case initially cited by the district court, this Court in <u>Custer</u> stated that "<u>Goldman</u> [v. State Farm General Insurance Co.</u>, 660 So. 2d 300, 301 (Fla. 4th DCA 1995),] involved a <u>homeowners</u> insurance policy and the insured's failure to attend an examination under oath pursuant to the contractual terms of the policy, which has no application in the statutorily required coverage context. The Florida No-Fault statute is mandatory and does not recognize such a condition. It is therefore invalid and contrary to the statutory terms." <u>Custer</u>, 62 So. 3d at 1091.

The Eleventh Circuit considered our statements on EUOs in <u>Custer</u> to be dicta. <u>Nunez</u>, 685 F.3d at 1208. Regardless, most reported county and circuit court cases have affirmatively applied <u>Custer</u> in the EUO context. For example, in comprehensively addressing several such cases, one circuit court ruled:

> An EUO policy provision in the context of PIP is not a condition precedent to coverage or recovery of PIP benefits as it conflicts with the Florida No-Fault law. <u>Custer Medical Center v. United Auto. Ins. Co.</u>, 62 So. 3d 1086 (Fla. 2011); <u>United Auto. Ins. Co. v. Diaz</u>, 18 Fla. L. Weekly Supp. 348a (11th Cir. Ct. (Appellate) Feb. 3, 2011). "[T]he PIP statute does not impose an EUO condition upon the insured." <u>United v. Diaz</u>. While an insurer may seek to require an EUO through its policy where a PIP claim is presented, the Court finds that failure for the insured to attend an EUO does not serve as a bar to payment of PIP benefits. See <u>Mejias Medical Center</u>

a/a/o Yordanka Bulit v. Esurance, 18 Fla. L. Weekly Supp. 693d (11th Cty Ct., Feb. 3, 2011). In reaching this conclusion, the Court has considered Mercury Insurance Company v. Dr. Garrido a/a/o Erix Dolz, 18 Fla. L. Weekly Supp. 575a (11th Cir. Ct. (Appellate) Apr. 7, 2011) (finding that an EUO provision is not a condition precedent to recovery of benefits and calling into question the validity of such provisions) and State Farm Fire & Casualty Company v. Suncare Physical Therapy, 18 Fla. L. Weekly Supp. 776a (11th Cir. Ct. (Appellate) July 13, 2011) (finding an EUO provision is a valid condition precedent to suit). The Court rules consistent with the rulings of Diaz and Garrido.

Y & M Med. Ctr. v. State Farm Fire & Cas. Co., 19 Fla. L. Weekly Supp. 380, 380 (Fla. 11th Cir. Ct. Jan. 18, 2012) (parallel citation omitted). Additionally, at least one district court of appeal has cited the EUO language in Custer as authority for denying a petition for writ of certiorari. See United Auto. Ins. Co. v. Two & Two LLC, 82 So. 3d 1052 (Fla. 4th DCA 2011). As one court put it, "[r]egardless of whether the Florida Supreme Court's discussion of EUOs in the Custer case is viewed as the holding, an alternative holding, or simply dicta, . . . the reasoning [is] persuasive[.]" Mercury Ins. Co. of Fla. v. Dr. Eduardo Garrido, P.A., 18 Fla. L. Weekly Supp. 575, 577 n.3 (Fla. 11th Cir. Ct. Apr. 7, 2011). More than just persuasive, Custer is correct under the terms of the PIP statute, its underlying purpose of swift and virtually automatic payment to the insured, and relevant caselaw.

**1. The PIP Statute**

Section 627.736, Florida Statutes (2008), is silent regarding EUOs—it does not authorize their use, much less denial of benefits for failure to attend one. As summarized by the Eleventh Circuit in this case:

> Geico points out [that] EUOs are consistent with many provisions in the No–Fault Statute. Section 627.736(4) states that benefits from an insurer are "due and payable as loss accrues, upon receipt of reasonable proof of such loss . . . ." FLA. STAT. § 627.736(4) (emphasis added); see Amador v. United Auto. Ins. Co., 748 So. 2d 307, 308 (Fla.Dist.Ct.App.1999) (acknowledging that "reasonable proof" could include the requirement that an insured submit to an EUO). Subsection (4)(h) of the statute provides that benefits are not due under the statute if there is evidence of fraud "admitted to in a sworn statement by the insured." FLA. STAT. § 627.736(4)(h). Additionally, Section 627.414(3) expressly authorizes insurers to include any "additional provisions not inconsistent with this code and which are . . . [d]esired by the insurer and neither prohibited by law nor in conflict with any provisions required to be included therein." FLA. STAT. § 627.414(3).

Nunez, 685 F.3d at 1209. But consistency with certain provisions in the statute is not the test. Rather, as recognized by the Eleventh Circuit, "[c]onditions not expressly addressed in a statute governing insurance coverage are subject to a two part test: (1) 'whether the condition or exclusion unambiguously excludes or limits coverage[;]' and (2) 'whether enforcement of a specific provision would be contrary to the purpose of the … statute.' " Id. (quoting Flores v. Allstate Ins. Co., 819 So. 2d 740, 745 (Fla. 2002)). The parties do not contest the first part of the Flores test, but rather focus on the second part regarding the purpose of the PIP statute.

- 9 -

The dissent asserts that by our adherence to what was said in <u>Custer</u> and <u>Flores,</u> in this case, we are abrogating unambiguous provisions found in section 627.414(3), Florida Statutes (2008). The dissent notes, "[Those opinions] do not so much as acknowledge the existence of section 627.414(3)." Dissenting op. at 23. We respectfully disagree with the dissent's assessment of any abrogation by this opinion. We point out that while <u>Custer</u> and <u>Flores</u> do not address section 627.414(3), those opinions indeed address the conspicuous absence of statutory authority, under the PIP statute, for an insurer to enforce EUO provisions as a condition precedent to its payment of benefits to an insured. Accordingly, we reject the dissent's view that the EUO provision employed by Geico in its PIP policy may be applied pursuant to section 627.414(3). Instead, PIP policy provisions should be promulgated by insurers in a manner that is consistent with the statutory goal under section 627.736 of ensuring "swift and virtually automatic payment" of benefits to insureds under the PIP statute. Majority op. at 17-20.

## 2. Purpose of the PIP Statute: Swift and Virtually Automatic Payment

"Without a doubt, the purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment . . . .' " <u>Ivey v. Allstate Ins. Co.,</u> 774 So. 2d 679, 683-84 (Fla. 2000) (quoting <u>Gov't Employees Ins. Co. v. Gonzalez,</u> 512 So. 2d 269, 271 (Fla. 3d DCA 1987)). Elaborating, this Court has recognized that

- 10 -

> [t]he PIP statute is unique, in that it abolished "a traditional common-law right by limiting the recovery available to car accident victims" and in exchange, required PIP insurance that was recoverable without regard to fault. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1077 (Fla. 2006). Although recovery is restricted under this statutory scheme, this Court has held that the PIP statute is a reasonable alternative to common law tort principles in that it provides "swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption." Id. (quoting Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683-84 (Fla. 2000)).

Allstate Ins. Co. v. Holy Cross Hosp., Inc., 961 So. 2d 328, 332 (Fla. 2007). "This last observation is significant because any impediment to the right of the insured to recover in a 'swift and virtually automatic' way has the potential for interfering with the PIP scheme's goal of being a reasonable alternative to common law tort principles." Menendez v. Progressive Express Ins. Co., 35 So. 3d 873, 877 (Fla. 2010).

For this reason, Geico misses the mark in asserting that "EUOs are consistent with the purposes of the PIP statute," which it identifies as "prevention of fraud" and "investigation and payment of claims."[3] The dissent asserts that "in this case we are not presented with the issue of whether Geico applied the EUO

---

3. We note that if Geico had particular concerns about fraud or improper claims by Nunez in the present case, it could have pursued court-ordered discovery under section 627.736(6)(c), Florida Statutes (2008) (providing that such an order "may be made only on motion for good cause" and that the "court may, in order to protect against annoyance, embarrassment, or oppression, as justice requires, enter an order refusing discovery or specifying conditions of discovery and may order payments of costs and expenses of the proceeding").

- 11 -

provision in an unreasonable manner." Dissenting op. at 23. With all due respect to our colleague, in this case we are obliged to address whether Geico unreasonably exercised authority to require a condition precedent, where no such authority existed at the time under section 627.736. The dissent rationalizes that "[t]he EUO provision of the policy is simply designed to ensure that the 'swift and virtually automatic' payment of benefits, is made only to those who are entitled to those benefits under the law." Dissenting op. at 24. Ironically, it has been more than four years since Nunez filed her claim for PIP benefits, to no avail for her. We conclude that Geico's policy provision requiring Nunez and other insureds who sought PIP benefits prior to January 1, 2013, to be subjected to an EUO as a condition precedent was unreasonable and unnecessary under Florida law. See Custer, 62 So. 3d at 1091; Flores, 819 So. 2d at 745; § 627.736, Fla. Stat. (2008).

In order to bolster its argument, Geico offers United Automobile Insurance Co. v. Stat Technologies, Inc., 787 So. 2d 920, 922 (Fla. 3d DCA 2001), for the proposition that "the policy to ensure swift payment must be balanced against the policy to prevent improper claims." But that balance was stated by the district court in that case in terms of being "obviously contemplated by the legislators in providing insurers with a 30 day investigatory period." Id. (applying that balance to hold that "interest on overdue PIP payments does not commence until the loss accrues, which is 30 days after the insurance company receives notice of a fact of

- 12 -

Case: 10-13183    Date Filed: 06/27/2013    Page: 13 of 25

covered loss"). While the district court in <u>Stat Technologies</u> implicitly recognized EUOs as an appropriate investigatory tool for insurance companies, it in no way indicated that they could properly delay or deny PIP benefits based on an insured's failure to comply with a contractual EUO condition.

Such delay and denial based on the EUO condition in the present case has certainly kept Nunez from recovering in a "swift and virtually automatic" way— approximately four years have passed since she filed her claim, and she has still not received PIP benefits. <u>Accord, e.g.</u>, <u>Marlin Diagnostics v. State Farm Mut. Auto. Ins. Co.</u>, 897 So. 2d 469, 469-71 (Fla. 3d DCA 2004) (over two years between filing of claim and appellate court ruling that obligation to attend an EUO does not shift to the provider merely because the insured assigned her benefits); <u>Garrido</u>, 18 Fla. L. Weekly Supp. at 575-77 (over five years between date of accident and circuit court in appellate capacity ultimately ruling in favor of the insured where insurer denied PIP benefits for failing to cooperate at an EUO; case illustrating a "prime example" of an insurer's abuse of EUOs); <u>United Auto. Ins. Co. v. Diaz</u>, 18 Fla. L. Weekly Supp. 348, 348-51 (Fla. 11th Cir. Ct. Feb. 3, 2011) (approximately six years between date of accident and circuit court in appellate capacity ultimately ruling in favor of the insured where insurance company denied PIP benefits for failure to attend an EUO). While the exact dates are not reflected on the face of the opinion in <u>Arias v. Affirmative Insurance Co.</u>, 944 So. 2d 1195,

1195-97 (Fla. 4th DCA 2006), it is self-evident that months, if not years, passed while the parties in that case litigated through the trial and appellate courts about whether the insured was obligated to attend an EUO in order to obtain PIP benefits under the terms of the subject insurance policy.

We therefore reject Geico's assertion that "EUOs do not interfere with the PIP statute's objective of requiring swift payment of benefits." As the present case and the above examples amply illustrate, enforcing EUO conditions clearly can and do cause delay and denial of benefits in contravention of the purpose of the PIP statute. See, e.g., Cruz v. State Farm Mut. Auto. Ins. Co., 648 N.W.2d 591, 598 (Mich. 2002) (holding under similar Michigan law that "a no-fault policy that would allow the insurer to avoid its obligation to make prompt payment upon the mere failure to comply with an EUO would run afoul of the statute and accordingly be invalid").

"As a creature of statute rather than a matter for contemplation of the parties in creating insurance policies, the uninsured motorist protection is not susceptible to the attempts of the insurer to limit or negate that protection." Flores, 819 So. 2d at 745 (emphasis deleted) (quoting Salas v. Liberty Mut. Fire Ins. Co., 272 So. 2d 1, 5 (Fla. 1972)). The same is true for PIP protection. See Flores, 819 So. 2d at 744-45 (recognizing that PIP insurance is likewise statutorily required); Vasques v. Mercury Cas. Co, 947 So. 2d 1265, 1269 (Fla. 5th DCA 2007) (applying this

- 14 -

Case: 10-13183    Date Filed: 06/27/2013    Page: 15 of 25

aspect of Flores in the PIP context). Accordingly, enforcement of EUO conditions to delay or deny benefits negates statutory PIP protection and is invalid. See Vasques, 947 So. 2d at 1269 ("[E]xclusions that are inconsistent with the purpose of the [PIP] statute are invalid."). This is especially true considering that "Florida's no-fault laws are construed liberally in favor of the insured." Fla. Med. & Injury Ctr., Inc. v. Progressive Express Ins. Co., 29 So. 3d 329, 341 (Fla. 5th DCA 2010).

### 3. Caselaw

This Court in Flores recognized that, because PIP is a statutorily mandated coverage, "analogies to cases interpreting coverages that are not statutorily mandated, such as provisions in fire, life, and property insurance policies, may not necessarily be illuminating in guiding our analysis." 819 So. 2d at 745. As in the Eleventh Circuit, "[m]any of the cases cited by Geico in its brief, while in general support an insurer's right to require EUOs before payment, do not directly address the EUO problem at issue because they do not involve statutorily required coverage." Nunez, 685 F.3d at 1209. Specifically,

> Geico points to Florida Supreme Court and intermediate appellate court decisions that affirm the right of insurers to require an EUO in connection with its investigation of a claim for PIP benefits. While there is a long history of Florida courts generally affirming the right of an insured to require EUOs prior to payment of benefits, these cases deal with insurance contracts not based on statute. See S. Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922, 932 (1909) (affirming that insured's refusal to comply with fire insurance policy condition that

- 15 -

insured submit to an examination under oath precluded recovery); Edwards v. State Farm Fla. Ins. Co., 64 So. 3d 730, 732 (Fla.Dist.Ct. App. 2011) (affirming summary judgment for insurer on ground that insured failed to comply with pre-suit requirement of submitting to EUO in property insurance contract); Gonzalez v. State Farm Fla. Ins. Co., 65 So. 3d 608, 609 (Fla.Dist.Ct.App.2011) (same); Goldman v. State Farm Fire Gen. Ins. Co., 660 So. 2d 300, 303 (Fla.Dist.Ct.App. 1995) (affirming that "an insured's refusal to comply with a demand for an examination under oath is a willful and material breach of [a homeowner's] insurance contract which precludes the insured from recovery under the policy").

Nunez, 685 F.3d at 1209-10. Much the same is true in Geico's brief in this Court, where it relatedly asserts that "Florida courts have recognized the validity of EUOs in the specific context of PIP benefits." But most of those cases simply presumed the validity of EUO's without addressing the issue at hand. As explained by the Eleventh Circuit,

> [t]he only case that discusses the right of an insurer to require the insured to submit to an EUO in the statutory context as a condition precedent to coverage is Shaw v. State Farm Fire & Cas. Co., 37 So. 3d 329 (Fla.Dist.Ct.App.2010) (en banc), decided six months before Custer. In Shaw, the issue before the court was whether an EUO clause in an automobile insurance policy was binding on an assignee of the right to payment of no-fault benefits, and the court held that an assignee medical provider is not required to submit to an EUO. Id. at 335. Before reaching that conclusion, the court stated that "[i]t is undisputed that a provision in an insurance policy that requires the insured to submit to an EUO qualifies as a condition precedent to recovery of policy benefits." Id. at 331. Because the decision was not unanimous and the court thought the issue had a wide-ranging impact, the court certified the following question to the Florida Supreme Court: "Whether a health care provider who accepts an assignment of no-fault insurance proceeds in payment of services provided to an insured can be required by a provision in the policy to submit to an examination under oath as a condition to the right of payment?" Id. at

- 16 -

> 335. That question has not yet been answered by the Florida Supreme Court.[4]
>
> The court in Shaw clearly stated that an EUO is a condition precedent to recovery of benefits if the insurance policy requires the insured to submit to an EUO. Id. at 331. However, the court did not distinguish the statutory coverage at issue in that case from other types of insurance like the Florida Supreme Court did in dicta in Custer. Indeed, the court in Shaw cited the same cases Geico relies on here to support the position that EUOs are valid conditions precedent under Florida law, none of which directly apply to statutorily-imposed coverage.

Nunez, 685 F.3d at 1210. The Eleventh Circuit thus concluded that, "[b]ased on the dicta in Custer, it could be that the Florida Supreme Court may not follow the appellate court's statement in Shaw." Id. The Eleventh Circuit's speculation is correct. Based on the analysis above, we hold in alignment with Custer that EUO conditions are invalid as contrary to the terms of section 627.736, Florida Statutes (2008). We disapprove Shaw to the extent it holds otherwise.

### B. 2012 Amendment of the PIP Statute

In an apparent response to Custer, the Legislature amended the PIP statute in 2012 to include the requirement that insureds seeking benefits under the Florida Motor Vehicle No-Fault Law "comply with the terms of the policy, which include, but are not limited to, submitting to an examination under oath." Ch. 12-197, § 10, at 2752, Laws of Fla. (now codified in § 627.736(6)(g), Fla. Stat. (2012), effective January 1, 2013)). Because Nunez's policy with Geico was issued in

---

4. Review of Shaw was not sought in this Court.

2008, her accident was in 2008, and she filed her class action complaint in 2009, this amendment does not directly apply to the present case, and Geico does not contend otherwise. Rather, Geico argues that "[w]here, as here, a statutory amendment is enacted 'soon after controversies as to the interpretation of the original act arise,' the amendment may be viewed as a 'legislative interpretation of the original law and not as a substantive change thereof.' " (quoting Lowry v. Parole & Probation Comm'n, 473 So. 2d 1248, 1250 (Fla. 1985)).

But, while several of the cases cited by Geico in this context involve subsequent amendments to statutorily created insurance laws, those amendments generally favored the insured, not the insurer. See Ivey v. Chicago Ins. Co., 410 So. 2d 494, 497 (Fla. 1982) (finding subsequent amendment to the uninsured motorist statute to be a clarification of Legislature's intent to allow insured "to stack the uninsured motorist coverage of policies of which she is a beneficiary when determining whether another party is an uninsured motorist"); Vasques v. Mercury Cas. Co., 947 So. 2d 1265, 1270 (Fla. 5th DCA 2007) (finding that the PIP statute validated its holding that "[t]o allow insurers to deny coverage of PIP benefits where someone other than the claimant makes a false statement for the purpose of defeating coverage would violate the well-articulated public policy considerations giving rise to personal injury protection benefits in this state"); but see Millennium Diagnostic Imaging Ctr., Inc. v. Sec. Nat'l Ins. Co., 882 So. 2d

- 18 -

1027, 1029-30 (Fla. 3d DCA 2004) (affirming dismissal of insured's complaint

that the higher "limiting charge" PIP fee schedule applied, finding that subsequent

amendment to PIP statute "shows that the purpose of the amendment was to clarify

that the [lower] [']participating fee['] schedule was the proper fee schedule under

the original statute").

Of these cases, Vasques (which this Court cited in Custer) is most on point

insofar as, like the present case, it involves the denial of a PIP claim. The district

court in that case held:

> We . . . exercise our narrow authority to issue a writ of
> certiorari in this case because the circuit court's decision
> impermissibly disregards Florida's public policy as expressed in the
> PIP statute. PIP insurance is a statutorily required coverage to comply
> with Florida's no-fault law and is an integral part of the no-fault
> statutory scheme. The purpose of the PIP statute is to provide for
> speedy payment of medical bills and compensation for lost income for
> accident victims. Given its purpose, both this court and the Florida
> supreme court have held the provisions of Florida's No-Fault Act
> must be construed liberally in favor of the insured.
> The PIP statute in effect at the time of Vasques' injury did not
> expressly permit an exclusion for fraud, but there was no blanket
> prohibition against the inclusion of general conditions affecting
> coverage or even exclusions, so long as the limitation was consistent
> with the purposes of the statute. However, restrictions on statutorily
> mandated coverage must be carefully examined because exclusions
> that are inconsistent with the purpose of the statute are invalid. In
> light of the overarching purposes behind the statute's protection,
> conditions or exclusions must be carefully scrutinized to determine,
> first, whether the condition or exclusion unambiguously excludes or
> limits coverage, and then, second, to determine whether enforcement
> of a specific provision would be contrary to the purpose of the no-
> fault statute. Furthermore, because PIP is a statutorily mandated
> coverage, analogies to cases interpreting coverages that are not

- 19 -

> statutorily mandated, such as provisions in fire, life, and property insurance policies, may not necessarily be illuminating.
>
> Manifestly, a policy provision that is interpreted to eliminate personal injury protection benefits for an innocent third-party claimant based on misstatements made by the policyholder to the insurer would be inconsistent with the statutory scheme. Florida has gone to extreme lengths to assure that personal injury protection benefits follow every licensed vehicle and cover any injured person. It makes no sense that this mandated coverage for an injured person could evaporate simply because someone else designated an "insured" under the policy-even though a stranger to the claim-lied.

Vasques, 947 So. 2d at 1269 (citations omitted). It likewise makes no sense that

mandated PIP coverage could evaporate simply because, as in the present case, the

insured failed to attend an EUO that was neither required under the then-applicable

statute nor authorized thereunder as a basis for denial of benefits.

We therefore find that the 2012 amendment at issue amounts to a substantive

change, not just a legislative clarification, of the PIP statute, especially considering

the careful examination that applies in this context and our responsibility to

construe the provisions of Florida's No-Fault Act liberally in favor of the insured.

Id. We accordingly hold that the 2012 amendment does not inform or control our

disposition of the present case. We do not otherwise comment on the applicability

or validity of the 2012 amendment.

### III. CONCLUSION

In sum, we hold in alignment with Custer that EUO conditions are invalid as

contrary to the terms of section 627.736, Florida Statutes (2008). We disapprove

- 20 -

Shaw to the extent it holds otherwise. We also hold that the 2012 amendment at issue substantively changed, not just legislatively clarified, section 627.736, and that the amendment therefore does not inform or control our disposition of the present case. We accordingly answer the certified question in the negative and return this case to the Eleventh Circuit Court of Appeals. We also provisionally grant Nunez's motion for appellate attorney's fees and remand that motion to the Eleventh Circuit to determine the amount, conditioned on the party prevailing pursuant to applicable statutes, rules, and caselaw.

It is so ordered.

PARIENTE, LEWIS, QUINCE, and LABARGA, JJ., concur.
POLSTON, C.J., dissents.
CANADY, J., dissents with an opinion, in which POLSTON, C.J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Because I conclude that Geico was authorized by Florida law to include the policy provision regarding examinations under oath, I dissent.

Geico's authority to include this policy provision flows directly from section 627.414, Florida Statutes (2008), concerning "[a]dditional policy contents," which states that a "policy may contain additional provisions not inconsistent with this code and which are . . . (3) [d]esired by the insurer and neither prohibited by law

nor in conflict with any provisions required to be included therein." (Emphasis added.) Neither the majority nor the appellant have articulated any reason for concluding that this broadly applicable statutory provision has no force with respect to personal injury protection (PIP) policies. And neither the majority nor the appellant have provided any explanation of why Geico's examination under oath (EUO) policy provision goes beyond what is permitted by the statutory provision.

The majority's only consideration of section 627.414(3) comes in connection with the recitation of a portion of the opinion of the Eleventh Circuit Court of Appeals that quotes the text of the statute. Having set forth the text of section 627.414(3) and recognizing the requirement of "consistency" that it embodies, the majority brushes the statute aside. According to the majority, "consistency with certain provisions in the [PIP] statute is not the test." Majority op. at 9. The majority thus effectively abrogates the unambiguous statutory enactment contained in section 627.414(3). Rather than applying this statute, the majority relies largely on what the Court has previously said in Custer Medical Center v. United Automobile Insurance Co., 62 So. 3d 1086 (Fla. 2010), and Flores v. Allstate Insurance Co., 819 So. 2d 740 (Fla. 2002). Of course, neither case contains any holding that governs the result here. And with respect to any comments they contain relevant to the question at issue here, both Custer and

- 22 -

Flores suffer from the glaring deficiency that they do not so much as acknowledge the existence of section 627.414(3), much less provide any analysis of its application to PIP policies.

When the EUO provision is evaluated under the authorization contained in section 627.414(3), no basis can be found for determining that the EUO provision is inconsistent with the insurance code, prohibited by any provision of law, or in conflict with any provisions required to be included in the policy by the PIP statute. Accordingly, the EUO provision constitutes additional policy content that falls within the scope of section 627.414(3).

The majority makes much of the potential for unreasonable application of an EUO policy provision, but in this case we are not presented with the issue of whether Geico applied the EUO provision in an unreasonable manner. The issue, rather, is the purely legal question of whether the EUO provision in the PIP policy is invalid on its face. The fact that a policy provision might be abused by an insurer seeking to apply it unreasonably is not a proper basis for declaring the policy provision invalid on its face.

With respect to the issue of the timely payment of benefits, there is nothing on the face of the EUO provision that is inconsistent with the requirements of the PIP statute regarding the time for the payment of benefits. Nothing in the EUO provision indicates that the rights of the insurer cannot be implemented within the

- 23 -

time constraints imposed by the PIP statute. An insurer that fails to do so will face the legal consequences of that failure. Moreover, an insured whose receipt of benefits is delayed because of her refusal to comply with a reasonable request for an EUO should not be heard to complain that the right to recover PIP benefits in a "swift and virtually automatic" way has been thwarted. Majority op. at 8. The right to a "swift and virtually automatic" recovery of benefits is a right properly enjoyed by those who in fact meet the legal requirements for the receipt of benefits and comply with the legal obligations of an insured. The EUO provision of the policy is simply designed to ensure that the "swift and virtually automatic" payment of benefits is made only to those who are entitled to those benefits under the law.

I would rephrase the certified question as follows: "Does Florida law permit an insurer to include in a PIP policy a provision requiring that those seeking coverage under the policy submit to examination under oath as reasonably required by the insurer?" And I would answer this question in the affirmative.

POLSTON, C.J., concurs.

Certified Question of Law from the United States Court of Appeals for the Eleventh Circuit - Case No. 10-13183

Juan C. Montes of Lidsky & Montes, Attorneys at Law, P.A., Hialeah, Florida,

for Appellant

- 24 -

Frank Z. Zacherl, Suzanne Youmans Labrit, and Jerel C. Dawson of Shutts & Bowen LLP, Tampa, Florida,

 for Appellee

Cynthia S. Tunnicliff and Gerald Don Nelson Bryant IV of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, Florida,

 for Amici Curiae Florida Justice Reform Institute, Florida Insurance Council, and Personal Insurance Federation of Florida

Peter J. Valeta of Meckler Bulger Tilson Marick & Pearson LLP, Chicago, Illinois,

 for Amici Curiae Property Casualty Insurers Association of America and Allstate Insurance Company

Marlene S. Reiss, Miami, Florida,

 for Amicus Floridians for Fair Insurance, Inc.