WARNER, J.
The sole issue presented in this appeal is whether an examination under oath as a condition precedent to the payment of PIP benefits by an insurer is a valid policy provision, precluding recovery of benefits when the insured fails to attend an examination under oath (“EUO”). Nunez v. Geico General Insurance Company, 117 So.3d 388 (Fla.2013), held that a policy condition requiring an EUO was unreasonable and unnecessary under Florida law. Consistent with Nunez, we reverse.
*1137 Appellant was injured in an automobile accident and sought both PIP benefits and uninsured motorist (“UM”) protection from appellee, Liberty Mutual, her insurer. Liberty requested that appellant appear for an EUO, to which her attorney agreed but only if it were conducted by telephone or in his office. Liberty refused and tried to reset the EUO. Appellant’s attorney continued to refuse unless the statement was taken in his office.
Appellant then filed suit for UM benefits. Liberty moved to dismiss for failure to comply with the policy provisions. While that motion was pending, appellant filed an amended complaint including a declaratory judgment count requesting a determination that the EUO was not a valid provision in the policy. Alternatively, she requested a determination that her failure to attend the EUO was reasonable. The trial court denied the motion to dismiss. Liberty answered the complaint, raising multiple affirmative defenses, and then moved for summary judgment. The trial court entered final summary judgment, finding that the EUO was a valid condition precedent to the insured’s duty to pay PIP benefits and that appellant’s failure to appear for the EUO was unreasonable.
After the trial court entered its ruling, our supreme court decided Nunez and held that an EUO provision as a condition precedent to the payment of PIP benefits was invalid and contrary to the PIP provisions of section 627.736, Florida Statutes (2009). Although the legislature had enacted an amendment to that section which permitted EUOs, that amendment was enacted after the cause of action in Nunez accrued and thus did not apply. Similarly, appellant’s cause of action accrued prior to the statutory amendment allowing EUOs. Therefore, based upon Nunez, the trial court’s final judgment must be reversed.
Even had Nunez not been decided and dispositive in this case, we would also reverse the final summary judgment, because an issue of fact remained as to whether appellant’s refusal to attend the EUO, under the conditions required by Liberty, was unreasonable. See Haiman v. Fed. Ins. Co., 798 So.2d 811, 812 (Fla. 4th DCA 2001) (where insured cooperates to some degree or provides an explanation for noncompliance with a policy provision, a fact issue exists for resolution by the jury as to whether the policy provision was materially breached).
Liberty suggests, however, that this action was not about PIP benefits but uninsured motorist benefits. Although appellant sought UM benefits through her complaint, the amended complaint also sought declaratory judgment on the PIP claim. Because the amendment was filed prior to Liberty filing its answer, appellant was entitled as a matter of course to amend her complaint, pursuant to Florida Rule of Civil Procedure 1.190(a), which allows a party to amend a pleading “as a matter of course at any time before a responsive pleading is served .... ” (emphasis added). Not only was the PIP claim part of the amended complaint, but the trial court explicitly ruled on summary judgment on the claim that the EUO was a condition precedent to payment of PIP benefits under the policy. While Liberty suggests that this was a mistake, it never sought rehearing or clarification of the order granting summary judgment.
For the foregoing reasons, we therefore reverse and remand for further proceedings.
CONNER, J., and LEVENSON, JEFFREY R., Associate Judge, concur.