DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CERTIFIED PRIORITY RESTORATION,** a/a/o Albert Molina,
Appellant,

v.

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellee.

No. 4D15-2658

[May 11, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia Imperato, Judge; L.T. Case No. CACE15-4202 (21).

Gray R. Proctor and Susan W. Fox of Fox & Loquasto, P.A., Orlando, and Andrea B. Chirls of The Mineo Salcedo Law Firm, P.A., Davie, for appellant.

Scot E. Samis of Traub Lieberman Straus & Shrewsberry, L.L.P., St. Petersburg, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

The appellant's motion for rehearing is granted in part and denied in part. We withdraw our previously issued opinion and substitute the following in its place.

We affirm the order compelling an appraisal of an insurance loss. On appeal, the appellant, who was the recipient of an assignment of benefits from an insured for repairs to his home, claims that the trial court erred by compelling an appraisal "with the named insured." However, the trial court's order only granted the motion to compel an appraisal. In the hearing on the motion, when asked whether it was requiring the insured himself to comply with the appraisal terms, the court simply told the parties to work it out. The insured was not a party to the suit, and the trial court had no jurisdiction over him. The trial court did not expressly

rule, in its original order or in its order on motion for clarification, on the issue that the appellant seeks to have this court address.

The appraisal clause of the insured's policy can be invoked when the parties disagree as to the amount of a loss. The clause requires the appointment of appraisers by the insured ("you") and the insurer. Selecting an appraiser is not one of the duties required of the insured under the policy in "Your Duties after a Loss[.]" The policy does not classify this as a duty of the insured, unlike the examination under oath, which is considered a non-assignable duty. *See Shaw v. State Farm Fire & Cas. Co.*, 37 So. 3d 329, 332 (Fla. 5th DCA 2010) (stating that "[a]ssignment of a right to payment under a contract does not eliminate the duty of compliance with contract conditions, but a third-party assignee is not liable for performance of any duty under a contract"), *disapproved on other grounds*, *Nunez v. Geico Gen. Ins. Co.*, 117 So. 3d 388 (Fla. 2013).

In *One Call Property Services, Inc. v. Security First Insurance Co.*, 165 So. 3d 749 (Fla. 4th DCA 2015), we held that policy provisions did not impose a "duty to adjust" solely on the insured. A "duty to adjust" was not a required duty of the insured under the policy provision for "Duties after Loss[,]" and thus did not preclude assignment of benefits to a vendor providing services. *Id.* at 755. The reasoning of *One Call* applies to this case. Therefore, the trial court did not err in compelling the appraisal.

*Affirmed.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

* * *

2