**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2690-20

IN THE MATTER OF
OFRED TAVAREZ

_____

Submitted January 31, 2022 – Decided August 30, 2022

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-4041-16.

Fox Rothschild LLP, attorneys for appellant
SuttonPark Structured Settlements, LLC (Stephanie
Nolan Deviney, on the brief).

Respondents have not filed a brief.

PER CURIAM

SuttonPark Structured Settlements, LLC appeals from an April 22, 2021

order vacating an earlier order that approved Advanced Funding LLC's

purchase and assignment of certain annuity payments owing to Ofred Tavarez

as a result of the structured settlement of a lawsuit for brain injuries he

suffered as a result of lead poisoning. The earlier order, entered in July 2016,

directed that Tavarez was to receive his agreed $203,000 purchase price, and all monthly annuity payments thereafter due him on and after May 17, 2020, would be paid to SuttonPark, Advance Funding's assignee.[1]

In reliance on the July 2016 order, SuttonPark promptly paid Advance Funding the $203,000 Advance Funding was to pay to Tavarez pursuant to the order. Advance Funding, however, did not tender those funds to Tavarez. Instead, Advance Funding sent Tavarez two checks, each for $40,000, one of which bounced. After Tavarez complained, Advance Funding tendered another $62,000 by electronic transfer, leaving $101,000 unpaid.

Tavarez's further efforts to collect what he was owed were futile. He testified he contacted the lawyer who represented Advance Funding in the 2016 proceeding, only to be told the company went bankrupt. Further research indicated the president of the company had fled the country. In November 2019, six months before the annuity payments were to transfer to SuttonPark, Tavarez filed a pro se complaint to vacate the order, "because [the] company

---

[1] The assigned payments consisted of 180 monthly payments of $2,019.46 beginning on May 17, 2020, and continuing through April 17, 2035, increasing at a rate of 3% per annum. An earlier iteration of a disclosure statement dated April 6, 2016, put the aggregate amount of the transferred payments at $450,717.24, having a discounted then-present value of $363,516.66 at a discount rate of 1.8%.

disappeared and gave me checks with no funds. I have tried over the years to find them and was told they fled."

SuttonPark opposed the motion, arguing Tavarez needed to have filed his motion to vacate the July 2016 order no later than July 2017 pursuant to Rule 4:50-2, and having paid Advance Funding the $203,000, SuttonPark was entitled to receive the annuity payments, leaving Tavarez to his remedies against Advance Funding.

After hearing argument and limited testimony from Tavarez and the president and general counsel of SuttonPark, Judge Robert C. Wilson issued an order vacating his prior July 2016 order, accompanied by a written opinion. The judge relied on our opinion in Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 416 N.J. Super. 418 (App. Div. 2010). There, we observed "that an assignee takes subject to all defenses of the obligor against the assignor, including non-performance by the assignor," meaning

> that the right of the assignee under the contract is no better than its assignor's rights. If the assignor is entitled to be paid, the assignee is entitled to be paid, but if the assignor is not entitled to be paid because of some failure of performance on the part of the assignor, then the assignee is not entitled to be paid either.

[Id. at 427 (quoting Shaw v. State Farm Fire & Cas. Co., 37 So. 3d 329, 333 (Fla. Dist. Ct. App. 2010) (en banc), disapproved on other grounds, Nunez v. Geico Gen. Ins. Co., 117 So. 3d 388, 397 (Fla. 2013)).]

Judge Wilson noted SuttonPark did not dispute that its assignor Advanced Funding did not pay Tavarez in full, and thus failed to perform under the 2016 structured settlement order. Relying on Selective, the judge reasoned that if Advanced Funding is not entitled to the future stream of annuity payments because of its failure to perform, its assignee SuttonPark is not entitled to the future annuity payments either. Although the judge found nothing to suggest SuttonPark was less than "a good faith purchaser of the rights of Advance Funding," the judge found SuttonPark "failed to do its due diligence."

Judge Wilson determined "[b]oth parties were injured by the presumptively fraudulent middleman, Advance Funding," but "contract law dictates that an assignee who takes the rights of the assignor is at the mercy of [its] performance." The judge concluded Advanced Funding violated the 2016 structured settlement order "at the outset due to its nonpayment," and "then sold its rights to [the annuity] payment[s] — which it never successfully acquired — to SuttonPark" and is now nowhere to be found. The judge found the appropriate remedy was to vacate the 2016 structured settlement order,

A-2690-20

resulting in "Tavarez remaining the beneficiary of the annuity." Because Tavarez had already received $102,000, however, the judge wrote he would "not preclude a motion from SuttonPark to recoup a portion of its losses from the future annuity payments" to Tavarez.[2]

SuttonPark appeals, but it does not address the substance of Judge Wilson's opinion that it failed to investigate the bona fides of its assignor and that its rights as an assignee can rise no higher than those of its assignor — an omission we take as a tacit acknowledgement of its soundness. See Telebright Corp., Inc. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div.

---

[2] That provision of the order prompted finality review in this court. In response to a letter from the Clerk's Office asking SuttonPark to address the issue, its counsel responded by insisting the court's order "disposed of all issues as to all parties," and that a motion based on the "language in the April 2021 order regarding recouping funds would be improper." Counsel argued "[t]he trial court did not have jurisdiction under New Jersey Court Rules and case law to consider the motion, let alone a collateral motion based upon language inserted by the trial court for an issue that was not even before the trial court." Further, counsel contended that "[b]y filing a motion to recoup, SuttonPark risks waiving the jurisdictional argument — an issue the appellate court must decide."

Although we were obviously satisfied based on SuttonPark's representation that all proceedings in the trial court were concluded, thus allowing this appeal to proceed, we express no opinion on whether the entire controversy doctrine would now bar any motion for recoupment post this appeal. See R. 4:30A; Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108-09 (2019).

5

2012) (deeming the failure to brief issues constitutes waiver). Instead, SuttonPark contends the trial court "lacked jurisdiction to vacate the July 2016 order," a contention we dismiss as without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Although SuttonPark is correct that motions to reopen a judgment for fraud or other misconduct of an adverse party under Rule 4:50-1(c) must be made within one year after the judgment, a time period not enlargeable pursuant to Rule 1:3-4(c), it ignores that relief under Rule 4:50-1(f), which is not subject to that time limitation, is available for exceptional situations, and in such cases "its boundaries are as expansive as the need to achieve equity and justice." Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966).

The 2016 order was entered pursuant to N.J.S.A. 2A:16-63 to -69, the Structured Settlement Protection Act — legislation designed to protect "recipients of long-term structured settlements from aggressive marketing by factoring companies seeking to persuade these people to cash out future payments at sharp discounts." In re Transfer of Structured Settlement Rights by Spinelli, 353 N.J. Super. 459, 464 (Law Div. 2002) (quoting Sponsor's Statement to A. 2146 (Feb. 28, 2000)). The annuity payments Advanced Funding persuaded Tavarez to "cash out" resulted from a personal injury suit

A-2690-20

for brain damage he suffered from exposure to lead paint. Tavarez, who was pro se on the Rule 4:50 motion, states in a document in the record that he can neither read nor write because of his learning disability. Case notes in the Clerk's Office reflect repeated attempts to explain the requirements for filing a brief on appeal, including conversations with Tavarez's sister, who claimed she was assisting him due to his disability. No brief was filed in his behalf.

Given the circumstances, we have no hesitation in concluding Judge Wilson did not abuse his broad discretion in finding the equities strongly favored Tavarez, and that vacating the 2016 order pursuant to Rule 4:50-1(f) was required to ensure a fair and just result. See Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-6 (1994). Accordingly, we affirm the judgment, essentially for the reasons expressed in Judge Wilson's thorough and thoughtful written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2690-20