888 So.2d 663 (2004)
ADVANCED DIAGNOSTICS TESTING a/a/o Will Turcios, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 3D03-3077.
District Court of Appeal of Florida, Third District.
October 20, 2004.
Rehearing Denied December 17, 2004.
*664 Robert Cooney; Wasson & Associates, and Roy D. Wasson, Miami, and Annabel C. Majewski, for appellant.
Shutts & Bowen, LLP, and Frank A. Zacherl, and Douglas G. Brehm, Miami, for appellee.
McGuire Woods, LLP, and Peter J. Valeta (Illinois) for Florida Insurance Council, Inc., as amicus curiae.
Before GREEN, FLETCHER, and WELLS, JJ.
PER CURIAM.
This is an appeal from a final summary judgment entered in favor of the defendant, Allstate Insurance Company, where the county court certified the following question as one of great public importance:
Does the phrase "the allowable amount under Medicare Part B" as used in Fla. Stat. Section 627.736(5)(b)5 refer only to Medicare's "participating fee schedule" or does the phrase "the allowable amount" instead refer to Medicare's "limiting charge" amount?
We accept jurisdiction.
In our recent decision of Millennium Diagnostic Imaging Ctr., Inc. v. Sec. Nat'l Ins. Co., 882 So.2d 1027 (Fla. 3d DCA 2004), we found the legislative history and language of the 2003 amendment to section 627.736(5)(b)5, supported our finding that "the participating fee schedule was the proper fee schedule under the original statute." The mere fact that the services provided in this case were rendered prior to November 1, 2001, does nothing to change our original conclusion on this matter.
Thus, we answer the certified question and hold that the term "the allowable amount under Medicare Part B," as used in section 627.736(5)(b)5, refers to the "participating physician fee schedule of Medicare Part B," and affirm the final summary judgment.