# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-291
Lower Tribunal No. 19-8413 CC
_____

## Priority Medical Centers, LLC (a/a/o Susan Boggiardino),
Appellant,

vs.

## Allstate Insurance Company,
Appellee.

An Appeal from the County Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Phillips | Tadros, P.A., and Mac S. Phillips (Fort Lauderdale), for appellant.

Shutts & Bowen LLP, and Daniel E. Nordby (Tallahassee) and Garrett A. Tozier (Tampa), for appellee.

Before HENDON, LOBREE and BOKOR, JJ.

HENDON, J.

Priority Medical Centers, LLC ("Priority Medical") appeals from a final summary judgment in favor of Allstate Insurance Company ("Allstate") in which the trial court certified the following question as one of great public importance:

> WHETHER "ALLOWABLE AMOUNT UNDER THE APPLICABLE SCHEDULE OF MEDICARE PART B FOR 2007 FOR MEDICAL SERVICES, SUPPLIES, AND CARE SUBJECT TO MEDICARE PART B[,]" REFERS TO THE NON-FACILITY PARTICIPATING PRICE OR THE NON-FACILITY LIMITING CHARGE.

We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. We answer the certified question by holding that the proper reimbursement rate for the MRI procedure at issue is the higher 2007 non-facility limiting charge, not the lower 2007 non-facility participating price.

Facts

There is no dispute as to the underling facts, to which the parties stipulated and which the trial court recited in the final judgment:

> Specifically, the parties stipulated that Susan Boggiardino was insured under an automobile insurance policy issued by Allstate that was in full force and effect when she was injured in a car accident on or about May 18, 2016. Plaintiff treated Ms. Boggiardino for her accident-related injuries and, as part of that treatment, referred her to Stand Up MRI of Fort Lauderdale ("SUMRIFL") for magnetic resonance imaging of her lumbar spine. Both providers (Plaintiff and SUMRIFL) submitted their bills directly to Allstate under assignments of benefits. Allstate, having elected the schedule of maximum charges payment methodology, paid SUMRIFL the sum of $1,246.46. This amount

2

represents two hundred percent of the non-facility limiting charge under Medicare Part B for CPT 72148 for calendar year 2007. Thereafter, Allstate exhausted benefits on or about August 9, 2016. After Allstate exhausted benefits, Plaintiff submitted additional bills for payment. Allstate denied those bills because benefits were exhausted. Plaintiff, claiming that Allstate should have paid SUMRIFL the sum of $1,141.92 based on the lower non-facility participating price as opposed to the higher non-facility limiting charge, commenced the instant case for declaratory relief and asserted that if Allstate paid SUMRIFL pursuant to the lower non-facility price, then additional benefits ($105.54) would have remained to satisfy a portion of Plaintiff's bills.

Priority Medical filed an action for declaratory relief to determine its rights and obligations pursuant to the Florida Motor Vehicle No-Fault Law (the "No-Fault Law"), sections 627.730 – 627.7405, Florida Statutes (2016), regarding the meaning of the phrase, "allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B" as it is used in section 627.736(5)(a)2.  In a lengthy opinion analyzing the relevant statutes, the trial court determined that Allstate's reimbursement calculation was correct and entered summary judgment in Allstate's favor on Priority Medical's declaratory action and certified to this court the question of great public importance noted above.

### Standard of review

We review de novo a grant of summary judgment, <u>Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126 (Fla. 2000), as well as

3

issues of statutory interpretation, <u>Hardee Cnty. v. FINR II, Inc.</u>, 221 So. 3d 1162, 1165 (Fla. 2017).

Discussion

The Florida Supreme Court has explained that the no-fault statutes are to be liberally construed in order to implement the legislative purpose of providing broad PIP coverage for Florida motorists. <u>Progressive Select Ins. Co. v. Florida Hosp. Med. Ctr.</u>, 236 So. 3d 1186, 1187 (Fla. 5th DCA 2018), aff'd <u>Progressive Select Ins. Co. v. Florida Hosp. Med. Ctr.</u>, 260 So. 3d 219 (Fla. 2018); <u>Nunez v. Geico Gen. Ins. Co.</u>, 117 So. 3d 388, 395 (Fla. 2013) (citing <u>Fla. Med. & Injury Ctr., Inc. v. Progressive Express Ins. Co.</u>, 29 So. 3d 329, 341 (Fla. 5th DCA 2010)); <u>Blish v. Atlanta Cas. Co.</u>, 736 So. 2d 1151, 1155 (Fla. 1999). In matters of statutory construction, Florida courts have repeatedly recognized that legislative intent is the guiding polestar. <u>Jimenez v. State</u>, 246 So. 3d 219, 227 (Fla. 2018); <u>Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Schs., Inc.</u>, 3 So. 3d 1220, 1232 (Fla. 2009). "The plain meaning of the statute is always the starting point in statutory interpretation." <u>GTC, Inc. v. Edgar</u>, 967 So. 2d 781, 785 (Fla. 2007). "[I]f the meaning of the statute is clear then this Court's task goes no further than applying the plain language of the statute." <u>Id.</u> "However, if the language is unclear or ambiguous, then the Court applies rules of statutory construction to discern

4

legislative intent." <u>Polite v. State</u>, 973 So. 2d 1107, 1111 (Fla. 2007). Thus, "examining the history of the legislation is a helpful tool in determining legislative intent." <u>Raymond James Fin. Servs., Inc. v. Phillips</u>, 126 So.3d 186, 192 (Fla. 2013).

Before 2012, the PIP statute expressly referenced the Medicare Part B for 2007 "participating physician" fee schedule. In 2012, the Florida Legislature amended the PIP statute to remove the phrase "participating physician" from section 627.736(5)(a)2. and replaced it with "applicable schedule." The relevant statute now reads:

> 2. For purposes of subparagraph 1., the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the service year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies to services, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation, <u>except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.</u> For purposes of this subparagraph, the term "service year" means the period from March 1 through the end of February of the following year.

Section 627.736(5)(a)2., Florida Statutes (2016) (emphasis added). When the legislature amends a statute by omitting words, the general rule of construction is to presume that the legislature intended the statute to have a different meaning from that accorded it before the amendment. <u>Aetna Cas.</u>

5

& Sur. Co. v. Buck, 594 So. 2d 280, 283 (Fla. 1992) (citing Capella v. City of Gainesville, 377 So. 2d 658 (Fla.1979)).

With that in mind, there are two available Medicare Part B Fee Schedule reimbursement possibilities for the MRI procedure at issue: the non-facility participating price or the non-facility limiting charge. The record on appeal indicates that the Centers for Medicare & Medicaid Services search tool provides the following amounts:

- 200% of the non-facility participating price for CPT code 72148 in **2016** in Broward County is $464.18.

- 200% of the non-facility participating price for CPT 72148 in **2007** in Broward County is $1,140.92.

- 200% of the non-facility limiting charge for CPT 72148 in **2007** in Broward County is $1,246.46.

(Emphasis added).

Allstate's policy elected to use the schedule of maximum charges or fee schedules for reimbursement of PIP claims under section 627.736(5)(a)2., referenced above. The Florida PIP statute instructs insurers that they may limit reimbursement in accord with the terms of the statute, but that reimbursement may not be less than what is allowable under the 2007 Medicare fee schedule, i.e., the "applicable schedule."  Thus, when an insurer calculates the reimbursement, it must first compare the amount for the Medicare fee schedule in effect at the time services were rendered, in

6

this case 2016, with the applicable schedule for 2007, and then pay the higher of the two amounts. For the 2016 medical charges at issue in this case, Allstate compared the 2016 "non-facility participating price" to both the 2007 "non-facility participating price" and the 2007 "non-facility limiting charge," and paid based on the 2007 "non-facility limiting charge" because it was the highest allowable amount.

On June 14, 2016, Allstate paid $1,246.46 to Priority Medical, which is 200% of the non-facility limiting charge in 2007 for Broward County. Priority Medical argues that for the MRI procedure at issue, 200 percent of the allowable amount under the "participating physician" fee schedule of Medicare Part B is $464.18 for 2016 and $1,140.92 for 2007. Priority Medical argues that the plain language of the statute required Allstate to compare the $464.18 with the $1,140.92 and to pay the higher of the two. Priority Medical relies on <u>Millennium Diagnostic Imaging Center., Inc. v. Security National Insurance Co.</u>, 882 So. 2d 1027, 1029-30 (Fla. 3d DCA 2004), and <u>Advanced Diagnostics Testing v. Allstate Insurance Co.</u>, 888 So. 2d 663-64 (Fla. 3d DCA 2004) in which this Court held that the amount of PIP benefits payable to MRI providers is based on the participating physicians fee schedule and not on the limiting charge. We note that these cases relied on the pre-2012 amendment language "participating physician,"

which the Legislature removed and replaced with "applicable schedule." These cases are not applicable to the current PIP/Medicare statutory reimbursement language at issue here. Under the current version of the PIP statute, and giving effect to the 2012 legislative amendment, the highest reimbursement allowable fee schedule of Medicare Part B is the non-facility limiting charge for 2007, which was the amount on which Allstate was required to base its reimbursement to Priority Medical for the MRI procedure at issue.

On de novo review of the record, legislative history, and statutory language at issue, we conclude that Priority Medical's conclusion is incorrect based on the post-2012 amended PIP language. We answer the certified question by holding that the proper reimbursement rate is the higher 2007 non-facility limiting charge, not the lower 2007 non-facility participating price, and affirm the final judgment below.

Affirmed.